ALFRED ANDERSON

*v.*

THE WEST CHICAGO STREET RAILROAD COMPANY.

*Opinion filed December 16, 1902.*

1. RAILROADS—*lessor and lessee occupy relation of principal and agent with respect to negligence.* With reference to negligence in the operation of a railroad the lessor and lessee occupy the relation of principal and agent, and the negligence of the lessee is conclusively imputed to the lessor.

2. SAME—*right of injured party to sue both the lessor and lessee.* One injured by the alleged negligence of a lessee of railroad property may sue both the lessee and the lessor in one action or sue each one separately, but if one is not guilty of the alleged negligence the other cannot be.

3. SAME—*judgment in favor of lessor is res judicata as against lessee.* A judgment in favor of the lessor railroad company in an action for alleged negligence of the lessee company is a bar to a subsequent suit on the same cause of action against the lessee company.

4. JUDGMENTS AND DECREES—*when person not a party to record is bound by judgment.* Persons in whose behalf and under whose direction a suit is prosecuted or defended in the name of some other person are bound by the judgment.

5. SAME—*mere error does not impair force of judgment as res judicata.* The force of a judgment as *res judicata* cannot be impaired by showing it was erroneous, whether the error resulted from improper rulings on instructions or for other like reasons.

*West Chicago Street R. R. Co.* v. *Anderson,* 102 Ill. App. 310, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

Alfred Anderson, the appellant, brought suit in the superior court of Cook county against the appellee, the West Chicago Street Railroad Company, for damages for a personal injury received by him through its alleged negligence. A trial was had, resulting in a verdict for him for $1250 damages, on which judgment was entered.

On appeal to the Appellate Court the judgment of the superior court was reversed.

On the trial below the appellee gave in evidence the record in the case of *Anderson* v. *Cicero and Proviso Street Railway Co.*, theretofore tried in the superior court, which resulted in a verdict of not guilty and judgment for costs against plaintiff.

The facts as found by the Appellate Court are, that the Cicero and Proviso Street Railway Company is the lessor, and appellee, the West Chicago Street Railroad Company, is the lessee, of the street railway on which the accident occurred, and that the injury and negligence charged are the same in both suits. The conclusion of the Appellate Court from these facts is, that the lessor and lessee sustained the relation of principal and agent to each other, and that the determination in the suit against the principal is *res judicata* in the suit against the agent and a bar to its further prosecution, and that hence the instruction asked by appellee to find for the defendant should have been given.

BLACK & BLACK, and A. B. CHILCOAT, for appellant:

The relation existing between the lessor of property and his lessee is not such as will enable the lessee, when sued for an injury caused by his negligent act upon the leased premises, to avoid liability simply by showing that a suit theretofore brought by the plaintiff against the lessor had terminated in the lessor's favor. Under the law both the lessor and the lessee may be liable. For a joint tort they are liable both jointly and severally. If the tort be not joint, each will be liable for his own negligence. *Hassey* v. *Regan*, 64 Md. 426; *Moore* v. *Logan Co.* 7 Atl. Rep. 198; *Leonard* v. *Storer*, 115 Mass. 86; *Edwards* v. *Railroad Co.* 98 N. Y. 245; *Severin* v. *Eddy*, 52 Ill. 189.

The facts appearing in this case are not such as to render the judgment in favor of the Cicero and Proviso

Street Railway Company a bar to the prosecution of this suit against the West Chicago Street Railroad Company. *Aspden* v. *Nixon*, 4 How. 467; Freeman on Judgments, secs. 252-260; *Smith* v. *Rountree*, 185 Ill. 219; *Sawyer* v. *Nelson*, 160 id. 629; *Theological Seminary* v. *People*, 189 id. 439; *Bigelow* v. *Windsor*, 1 Gray, 299; *Althrop* v. *Beckwith*, 14 Ill. App. 628.

If a railroad company owning the road-bed is negligent, thereby causing an injury, it alone is liable, notwithstanding another company may also use the same track. If another company besides the owner is permitted to use the tracks, and such lessee company is guilty of negligence resulting in injury, both companies are liable therefor,—the corporation guilty of the negligence causing the injury, because it was negligent; the corporation owning the road, because the law by and under which it was authorized to build and operate the road imposes upon it the duty of operating it without injury to others. *Railway Co.* v. *Shacklett*, 105 Ill. 381; *Roodhouse* v. *Christian*, 55 Ill. App. 107; 158 Ill. 137; *Railroad Co.* v. *Horne*, 179 id. 250; *Transit Co.* v. *Shacklett*, 19 Ill. App. 145.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of counsel,) for appellee:

Where a person is injured on account of the negligent operation of a street car owned by one corporation and running on a track owned by another, both companies are liable, on the theory that the company operating the car is the servant or agent of the company owning the track. *Railroad Co.* v. *Lane*, 83 Ill. 448; *Pennsylvania Co.* v. *Ellett*, 132 id. 654; *Railroad Co.* v. *Meech*, 163 id. 305; *Pennsylvania Co.* v. *Greso*, 79 Ill. App. 127.

In case of principal and agent, a judgment for one in regard to matters pertaining to the agency may be taken advantage of by the other in a subsequent suit. *Goodrich* v. *Hanson*, 33 Ill. 499; *Railroad Co.* v. *Hutchins*, 34 id. 108; *Railway Co.* v. *Goldberg*, 2 Ill. App. 228; *Castle* v. *Noyes*, 14

N. Y. 329; *King* v. *Chase,* 15 N. H. 9; *Emery* v. *Fowler,* 39 Me. 326; *Atkinson* v. *White,* 60 id. 396; *Lea* v. *Deakin,* 11 Biss. 23; *Emma Silver Mining Co.* v. *Mining Co.* 7 Fed. Rep. 401.

Persons on whose behalf or under whose direction an action is prosecuted or defended in the name of some other person are bound by the judgment in such action. *Bennitt* v. *Mining Co.* 119 Ill. 9; *Cheney* v. *Patton,* 134 id. 422; *Cole* v. *Favorite,* 69 id. 457; *McDonald* v. *Refrigerator Co.* 35 Ill. App. 283; *Littleton* v. *Richardson,* 34 N. H. 179; *Atkinson* v. *White,* 60 Me. 396.

The doctrine of *res judicata* embraces not only what has been actually determined in a former suit, but also extends to any other matter which might have been raised and determined in it. *Hamilton* v. *Quimby,* 46 Ill. 90; *Kelly* v. *Donlin,* 70 id. 378; *Rogers* v. *Higgins,* 57 id. 244; *Bennitt* v. *Mining Co.* 119 id. 9; *Railway Co.* v. *Carson,* 169 id. 247; *Harmon* v. *Auditor,* 123 id. 122; *Allen* v. *Haley,* 169 id. 532; *Harvey* v. *Railway Co.* 186 id. 283; *Railroad Co.* v. *Railway Co.* 81 Ill. App. 435.

A litigant who has been defeated in a suit is estopped by the judgment therein from litigating the same question in another suit against a different party. *Vigeant* v. *Scully,* 35 Ill. App. 44; *Hill* v. *Bain,* 15 R. I. 75; *Featherston* v. *Turnpike Road,* 71 Hun, 109; *Williams* v. *McGrade,* 13 Minn. 46.

Mr. JUSTICE CARTER delivered the opinion of the court:

The only question argued by counsel is the effect of the judgment in the suit by appellant against the Cicero and Proviso Street Railway Company as an estoppel in this case. That each of the two street railway companies was liable for an injury resulting from the negligent operation of the road, and sustained the relation of principal and agent, is conclusively settled. It is the settled law of this State that when injury results from the negligent or unlawful operation of a railroad, whether by the corporation to which the franchise is granted or

by another corporation or other corporations which the proprietary company authorizes or permits to use its tracks, the company owning the railway tracks and franchise will also be liable, (*Chicago and Erie Railroad Co.* v. *Meech*, 163 Ill. 305,) and for this purpose the company whom it permits to use its tracks, and its servants and employees, will be regarded as the servants and agents of the owner company, (*Pennsylvania Co.* v. *Ellett*, 132 Ill. 654,) and no other negligence than that of the lessee need be alleged or proved to fix the liability of the owner.   In other words, in the case of a leasing of a railroad by one company to another company, the negligence or tort of the lessee company in operating its road is by the law of this State imputed to the lessor company, because it cannot absolve itself from the responsibility imposed by law upon it to operate its road so as to do no unnecessary damage to the person or property of others.  (*Ellett case, supra.*)  The relation between them, so far as it has reference to such damage, is not that of landlord and tenant, but that of principal and agent or master and servant.   Both being liable to the party injured, such party could sue them both in the same action or sue each one separately, but if one was not guilty of the tort the other one could not be.  It is not a case where the allegation is that two different parties have committed a tort to the person or property of the plaintiff and thus each one of them would be individually liable, and where it might turn out on the trial that one of the parties was innocent of any actionable wrong.   Such could never be the case where the negligence complained of is the negligence of the company operating the road.   Its negligence is conclusively presumed to be the negligence of the owner.   There is no question of fact to be tried whether the owner company is liable for the negligence of the lessee—it *is* so liable under the law.   It must follow, then, that if, in a suit brought against the lessor in which the tort complained of is in fact the tort of the

lessee, a verdict of not guilty is rendered,—that is, that there was no actionable wrong committed against the plaintiff by the lessor,—no actionable wrong could have been committed against him by the lessee in the premises, for it is the lessee's wrong that in these cases constitutes the basis of the action against the lessor.

In *Lake Shore and Michigan Southern Railway Co.* v. *Goldberg*, 2 Ill. App. 228, where the agent of the company had been before sued for a trespass and found not guilty, and such judgment was interposed as a bar, the court said (p. 234): "Where the real actor, none the less liable personally because acting for another, is not guilty, it necessarily follows that the party for whom he acted can not be." The court referred to *Emery* v. *Fowler*, 39 Me. 326, (63 Am. Dec. 627,) as authority. In the *Emery* case the court said: "To permit a person to commence an action against the principal and to prove the acts alleged to be trespasses to have been committed by his servant acting by his orders, and to fail, upon the merits, to recover, and subsequently to commence an action against that servant and to prove and rely upon the same acts as a trespass, is to allow him to have two trials for the same cause of action, to be proved by the same testimony. In such cases the technical rule that a judgment can only be admitted between the parties to the record or their privies, expands só far as to admit it when the same question has been decided and judgment rendered between parties responsible for the acts of others."

In *Goodrich* v. *Hanson*, 33 Ill. 499, which was trover brought by Goodrich, the plaintiff in error sought to introduce in evidence a deposition taken in a suit in replevin for the same property brought by defendants in error against Hammer, the agent of Goodrich. Hammer pleaded property in Goodrich. The suit was, however, dismissed. The court said (p. 507): "Had that issue been tried and found in favor of Hammer it would have been conclusive upon all parties to that suit. Had such a

finding resulted from a trial, and Hammer had restored the property to plaintiff in error, it would have barred a recovery by defendants in error of this property from plaintiff in error." The court held the deposition should have been admitted; and placed its holding directly upon the ground that Hammer was the agent of Goodrich, and that the parties to the two suits, though not nominally the same upon the record, were the same in interest.

In *Chicago and Rock Island Railroad Co.* v. *Hutchins*, 34 Ill. 108, the court said: "It does not matter that the owner may elect to sue either the driver or company, because when a jury have found in an action against the company that there was no negligence, it is a bar to a recovery against the agent," and accordingly held that, under the common law rule as to the competency of witnesses then in force, he had a direct interest in preventing a recovery against the company and was disqualified as a witness.   See, also, *King* v. *Chase*, 15 N. H. 9, (41 Am. Dec. 675,) and notes.

Appellant also contends that he is not bound by the judgment in the former case, because the appellee now seeking to secure the benefit of the former adjudication would not have been prejudiced by it if it had been determined the other way.   Appellant puts certain hypothetical cases which are not strictly parallel to the case at bar and which it would be useless to discuss.   The appellant himself showed by his witness B. F. Richolson that this witness was the counsel for the defendant in the case of *Anderson* v. *Cicero and Proviso Street Railway Co.* and that he was paid for his services by appellee herein. Sometimes persons who are not parties to the record are bound by the judgment.   Persons in whose behalf and under whose direction the suit is prosecuted or defended in the name of some other person fall within this category. (*Cole* v. *Favorite*, 69 Ill. 457; *Bennitt* v. *Star Mining Co.* 119 id. 9.)   According to these cases appellee would have been bound by an adverse judgment in the former suit.

The appellant cites *Severin* v. *Eddy*, 52 Ill. 189, as holding that a judgment in favor of one of two parties who are both liable for a tort is not a bar to a suit against the other. In that case Severin brought an action on the case against Eddy on account of injuries received by falling through a hatchway or door in the sidewalk to a cellar, which door had been left in an unsafe condition through negligence of Eddy. Eddy pleaded that Severin had theretofore sued the city of Chicago to recover for the same injuries; that the city gave notice of the pendency of the suit to him and that he aided in the defense of the suit, and that the verdict in that suit had been in favor of the city. The court said (p. 191): "When the city gave notice to defendant in error, it was for the purpose of concluding him from requiring the city to prove the cause of action in case a recovery was had against the city and a suit should afterwards be brought against defendant in error. Had a judgment been obtained in that action against the city, defendant in error, in a suit by the city against him to recover the amount of the judgment, could not have questioned the grounds of the recovery. * * * Inasmuch as the city and defendant are liable for different acts of negligence, it cannot be that a verdict in favor of the city should, at all events, become a bar to a recovery against defendant in error. For aught that appears it may be the city on that trial proved that it had omitted no duty in reference to the passway where the injury occurred, and the evidence may have shown defendant in error to have been grossly, and even willfully, negligent. * * * We have no right to presume that because both parties owed the duty of keeping this passway safe both parties acted alike, and that each is equally innocent or culpable. Their duties are different." Here is the crucial point. The duties of the city of Chicago and of the defendant in error were different and were measured by different requirements, and hence a verdict in favor of the city proved nothing

as to Eddy. In the case at bar, as has been stated before, the negligence of the lessee is conclusively imputed to the lessor, and to that extent their duties are identical, and it was the alleged negligence of the lessee that was the gist of the. action in each suit.

Appellant cites *Union Railway and Transit Co.* v. *Shacklett*, 19 Ill. App. 145, as a parallel case and as supporting his contention. Even if it were controlling we think it is not applicable to the facts of this case,. for in that case the injury was the result of a collision between two trains belonging to different companies, and the negligence of each would not necessarily be the same or have the same effect. In such a case each company would be responsible for its own negligence.

The Appellate Court has found that the cause of action in the two suits was one and the same cause of action,—and, indeed, that is not controverted. The gist of the action in each case was the same negligent act charged against the employees operating the street car. Whether this negligence was alleged with more or less particularity, or whether the alleged cause of the accident was stated more or less fully in the declaration in one case than in the other, could make no difference. Neither would it be competent in this proceeding to review the acts of the trial court in the former case in giving instructions. This could only be done directly, by appeal or writ of error. The force of a judgment as being *res judicata* cannot be destroyed or impaired by showing that it was clearly erroneous and ought not to have been rendered, whether such error resulted from improper rulings or misstatements of the law to the jury or for other like reasons. Freeman on Judgments, sec. 249.

Appellant, however, insists that the record of the former suit does not show what issue was in fact determined by the verdict and judgment in that case; that it cannot be told whether the jury found for the defendant on the ground that the appellant was not injured at

200—22

all, or that he did not give a warning signal in sufficient time, or that the defendant was not the owner of the car by which he was injured. As claimed by appellant, these were all questions in issue in that suit, and it is inconceivable that they should not have been raised and determined. If appellant was not injured at all he never had any cause of action for the alleged injury against anybody. Where the second action is upon the same claim or demand as the first, the judgment in the former suit, if rendered upon the merits, is an absolute bar or estoppel to the subsequent action, and as to the claim in controversy concludes both parties and privies, not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented. *Louisville, New Albany and Chicago Railway Co.* v. *Carson*, 169 Ill. 247, and cases cited.

Appellant lays particular stress on the alleged erroneous instruction given at the instance of the defendant in the case of *Anderson* v. *Cicero and Proviso Street Railway Co.*, which he sets out in full in his brief but concerning which the abstract merely contains the statement, "Instruction in former case offered in evidence by plaintiff and excluded by the court." The instruction, however, as shown by the record, merely goes to one point that might have been raised in the case, and there is nothing to show what other instructions were given. In view of the general rule quoted above, we think the whole question is immaterial. That the case went off on the question of the ownership of the car by the instrumentality of which appellant claims to have been injured, it being claimed that the car was the property of the lessee, the appellee in this suit, and not of the lessor, the defendant in the former suit, is impossible, if appellant's counsel did their duty in the first suit. If it should have appeared in the evidence that there was a variance between the declaration and the proof, it was appellant's duty to amend the declaration instanter, which would

have been allowed as a matter of course, for the cause of action and liability of the defendant would have remained precisely the same. Besides, in reversing the judgment without remanding, the Appellate Court made and included in its judgment a finding of facts which shows the cause of action in both cases was the same.

We think that both on principle and authority the judgment in the suit of appellant against the lessor of appellee is an absolute bar to his recovery in this suit. It follows that the judgment of the Appellate Court was right, and it will be affirmed.            *Judgment affirmed.*