# CASES DETERMINED

## January Term, 1905.

ARNOLD, Respondent, vs. RANDALL, imp., Appellant.

*January 10—January 31, 1905.*

Res judicata: *Judgment in another action.*

It having been determined by the judgment in another action be-
tween the same parties, and upon the same evidence, that the
alleged agreement upon which this action is based was not
made, the matter is *res judicata* and that judgment is conclu-
sive in this action.

APPEAL from a judgment of the circuit court for Douglas
county: A. J. VINJE, Circuit Judge. *Reversed.*

This action grows out of the same transaction as that be-
tween the same parties passed on by this court and decided
February 2, 1904. 121 Wis. 462, 98 N. W. 239. The two
actions were, by stipulation, tried together upon the same
evidence. The difference consists in that, while the former
was based upon the right of the mortgagee, assigned to plaint-
iff, to recover his unsatisfied debt from the defendant *Ran-
dall* by reason of the latter's alleged agreement with Bird to
pay the same, this is based upon the fact that Bird had been
compelled to pay $350 in discharge of himself from liability
upon that mortgage indebtedness, notwithstanding the alleged
contract of *Randall* to pay it. Bird assigned such right of ac-
tion to plaintiff. The court found the facts substantially as
in the former action, including a finding and conclusion that

*Randall* and Gray did assume the mortgage debt, and became liable therefor to the mortgagee, and judgment was rendered in favor of the plaintiff for the $350 paid by Bird to obtain his discharge, with interest and costs, from which judgment defendant *Randall* appeals.

The cause was submitted for the appellant on the brief of *A. C. Titus*.

[No appearance for the respondent.]

Dodge, J.    The only cause of action stated in the complaint is predicated upon the existence and breach of an agreement by *Randall* to pay to the mortgagee the amount of his debt, and therefore must fail because, in another action between the same parties, and upon the same evidence (*Arnold v. Randall*, 121 Wis. 462, 98 N. W. 239), it was finally adjudicated that no such promise was made, which is, therefore, *res adjudicata* and conclusive in this action.    *Grunert v. Spalding*, 104 Wis. 193, 220, 80 N. W. 589.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the complaint.