W. A. GAINES & CO. v. ROCK SPRING DISTILLING CO. et al.

(Circuit Court, W. D. Kentucky, at Owensboro. May 2, 1910.)

1. TRADE-MARKS AND TRADE-NAMES (§ 91*)—INTERVENTION.

In a suit for infringement of a trade-mark, a party was not entitled to intervene on the allegation that it owned the trade-mark in contest, and that it was used by defendant as petitioner's agents under its authority, especially where petitioner was bound by a contract to defend the suit on defendant's behalf and in fact was doing so.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 91.*]

2. JUDGMENT (§ 678*)—ESTOPPEL—PERSONS IN PRIVITY.

An estoppel by judgment obtains as well in favor of those who are in privity as for or against those actual parties to the litigation in which the judgment was rendered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1195–1199; Dec. Dig. § 678.*]

3. EQUITY (§ 213*)—PLEA.

Where complainants elect not to reply to defendant's plea, but instead, have the case set down for argument as authorized by equity rule 33, the averments of the plea are taken as true.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 486; Dec. Dig. § 213.*]

4. TRADE-MARKS AND TRADE-NAMES (§ 45*)—JUDGMENT—CONCLUSIVENESS—SUBSEQUENT REGISTRATION.

Where, in a prior suit for infringement of a trade-mark, complainants were found not to be the rightful owners thereof, and it was determined that H. & Co. had previously used the trade-mark and were entitled thereto, the conclusiveness of such adjudication as between the parties and their privies was not affected by complainants' subsequent registration of the trade-mark in ex parte proceedings under Act Cong. Feb. 20, 1905, c. 592, 33 Stat. 724 (U. S. Comp. St. Supp. 1909, p. 1275), notwithstanding section 16 of that act declares that registration of a trade-mark is itself prima facie evidence of ownership.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 53; Dec. Dig. § 45.*]

5. EQUITY (§ 422*)—HEARING BILL AND PLEA—FINAL DECREE.

Where a case is set down for hearing as authorized by equity rule 33 on the bill and plea, and the plea is held sufficient to meet all the allegations of the bill, defendants are entitled to a final decree.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 422.*]

In Equity. Bill by W. A. Gaines & Co. against the Rock Spring Distilling Company and others. On petition of the Hellman Distilling

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Company to intervene, and on sufficiency of defendants' plea. Petition denied, and plea sustained.

James L. Hopkins, for complainant.

Luther Ely Smith and Sweeney, Ellis & Sweeney, for defendants.

EVANS, District Judge. In its bill the complainant avers that it is the owner of a trade-mark consisting of the words "Old Crow," which for a long time it has used in connection with whisky; that as such owner in the year 1909 it applied for and obtained from the Commissioner of Patents a registration of said trade-mark pursuant to the act of Congress in that behalf; and that the defendants at and before the filing of the bill were using the said trade-mark in connection with whisky, thus infringing complainant's rights greatly to its injury. An injunction and an accounting were prayed. The defendants filed a joint plea wherein they averred that the matters and claims set up in the bill had previously been finally adjudicated in and by another court of competent jurisdiction. The complainant set the plea down for argument, and meantime the Hellman Distilling Company filed its petition asserting that it was the real owner of the trade-mark "Old Crow," that it had been adjudged to be so in a suit brought by the complainant, and that the defendants were using it solely as its agents and under contract with it, and thereupon it prayed that it might be admitted as a party to the action, so that it might defend its title to the trade-mark. Both the plea and the petition were argued at the same time.

## Petition for Leave to Intervene.

The petition for leave to intervene is based, as we have stated, upon the ground that the petitioner owns the trade-mark in contest, and that it is being used by the defendants as its agents and under its authority. With the petition is tendered a plea to be filed should the petition be granted. It was avowed at the argument, and no doubt correctly, that the petitioner was bound by contract to defend this suit on behalf of the defendants thereto, and that in fact it is defending it. This greatly modifies if it does not remove any particular necessity for the intervention asked. As an original proposition I certainly should strongly feel the stress of the request for leave to intervene, but I am not prepared, as yet, to clearly see a way to avoid the force of Judge Lurton's ruling in Toler v. East Tennessee Railway Co. (C. C.) 67 Fed. 170, although it may not have been intended to apply to such a case as this. Besides, it is elementary that an estoppel by judgment works as well in favor of or against those who are in privity as for or against those who were actual parties to the litigation in which the judgment was rendered. It is asserted that the defendants Rock Spring Distilling Company and Silas Rosenfeld are in privity with the petitioner, and we may assume without at present so deciding that that is true, but if so, then they have as much right to plead the estoppel of the judgment settling the proprietorship of the Old Crow brand in bar of complainant's claim thereto as the petitioner in person would have.

179 F.—35

For these reasons the petition of the Hellman Distilling Company will be denied, and in consequence its motion to file a plea herein will also be denied.

### Sufficiency of Defendants' Plea.

Choosing not to reply to the joint plea of the defendants, the complainant has set it down for argument under equity rule 33. It thus admitted that the averments of the plea are true. Rhode Island v. Massachusetts, 14 Pet. 257, 10 L. Ed. 423; United States v. California, etc., Co., 148 U. S. 39, 13 Sup. Ct. 458, 37 L. Ed. 354. This being so, the question is, Is the plea good? It states, in detail, the facts relied upon in bar of complainant's action. Disregarding the details, we think the facts stated in the plea are as follows, to wit: (1) That heretofore, viz., in 1904, the complainant instituted its action in equity in the Circuit Court of the United States for the Eastern District of Missouri against Abraham M. Hellman & Moritz Hellman, partners doing business as A. M. Hellman & Co., in which the complainant alleged itself to be the owner of the trade-mark "Old Crow" for whisky, and that it was being used and that complainant's rights therein were being infringed by the firm of A. M. Hellman & Co.; (2) that relief appropriate to such a state of fact was prayed; (3) that in said action the complainant also charged the said A. M. Hellman & Co. with unfair competition in respect to the use of the brand "Old Crow" on whisky, and also prayed for relief appropriate to that charge; (4) that said defendants appeared in the action and contested the same on the merits; (5) that in the said action such proceedings were had as resulted finally, under the mandate of the United States Circuit Court of Appeals for the Eighth Circuit, in a judgment on the merits that the complainant's action should be and that accordingly it was dismissed by the judgment of the said Circuit Court on the 10th day of July, 1908, and that the said Circuit Court of Appeals directed the entry of the judgment aforesaid upon the ground that there had been a use, in good faith, of the brand "Old Crow" on whisky by the defendants in that action and their predecessors prior to any adoption thereof as a trade-mark by the complainant or its predecessors; (6) that while the said action was pending in the said Circuit Court of Appeals for the Eighth Circuit, viz., on June 27, 1907, a supplemental bill was filed therein by the complainant by which the Hellman Distilling Co., as the successor of the firm of A. M. Hellman & Co., was made defendant in said action; and (7) that the final judgment therein stands in full force and unreversed.

In addition, it is also shown that the defendants, who are charged in the bill of complaint in this case with using and infringing the trademark "Old Crow" on whisky, are doing so only as the agents or employés of the Hellman Distilling Company, and for its use alone, and upon these facts the plea avers that there is privity between the firm of A. M. Hellman & Co. and the Hellman Distilling Company, the successor of said firm and the defendants Rock Spring Distilling Company and Silas Rosenfeld. In our opinion this conclusion is justified. The bill of complaint in this action is based, in large measure, upon a registration of the trade-mark "Old Crow" secured by the com-

plainant under the act of Congress approved February 20, 1905. Act Feb. 20, 1905, c. 592, 33 Stat. 724 (U. S. Comp. St. Supp. 1909, p. 1275). It appears therefrom that on February 26, 1909, the complainant made its application under the act as owner of the trade-mark, and the Commissioner of Patents allowed the registration on July 20, 1909. This, of course, was long after the final judgment above described. There is no intimation in the bill that the application for the registration was otherwise than ex parte, and we shall assume that it was entirely so. We think that assumption is a fair one, and we think it is equally fair to assume that the complainant in its application made no allusion to the judgment of the court in the previous litigation. Nevertheless, under section 16 of the act the registration is, itself, prima facie evidence of ownership. Under these circumstances what effect should the registration and the resulting prima facie evidence of ownership have on the previous judicial determination that prior to the adoption by the complainant and its predecessors of the words "Old Crow" as a trade-mark the defendants in the previous litigation and their predecessors had used the words "Old Crow" as descriptive terms in connection with their business as dealers in whisky is a question of importance. It would be difficult to maintain the proposition that Congress intended or that the courts should hold that a final adjudication as to the ownership of a trade-mark, or a plea of res adjudicata based thereon could be evaded or made insecure by a subsequent registration by the losing party upon an ex parte application unless there is an express averment that the rights of the winning party had been purchased before the registration. Nevertheless the question is not altogether free from doubt because, while the court's opinion does, the final judgment entered does not, in express terms, mention the matter of ownership—the phrase used in the judgment being that the bill be dismissed for want of equity. But when the pleadings are considered, so far as we can ascertain their substance from the plea, there is satisfactory assurance that the question of the ownership of the trade-mark was put in issue and vigorously contested. That issue was originally decided in favor of the complainant by the Circuit Court, but its judgment thereon was reversed on appeal with directions to dismiss the action. The grounds for this direction were stated in the opinion of the Circuit Court of Appeals, and were to the effect that there had been a prior use, in good faith, by the defendants and their predecessors of the brand "Old Crow" on whisky several years before any adoption of it as a trade-mark by the complainant or its predecessors. We think the necessary effect of this fact was the defeat of the complainant's claim of ownership, and that this was the basis of the direction to the Circuit Court. As the very same question must be the vital one to be determined in this case, every reason upon which the salutary doctrine of estoppel by former adjudication is based must apply, and it seems to the court that the effect of the judgment pleaded cannot and should not be avoided, as between the parties to this action by the subsequent registration in the absence of a showing that previous thereto complainant had acquired the rights of its late opponents. Otherwise the registration was wholly ineffective as to

them. What effect it may have upon other persons we need not inquire. Confining its effect to the parties to this suit, and those to whom they stand in privity we have concluded that the plea should be allowed. And not only so, but as the plea in all substantial respects seems to meet and satisfy all the claims of the bill it. ought, in law and equity, to avail the defendants so far as to require a final decree in their favor. Horn v. Detroit Dry Dock Co., 150 U S. 625, 14 Sup. Ct. 214, 37 L. Ed. 1199.

Unless some other course is shown to be proper a final judgment may be prepared.