ELIZABETH HUMASON, Admx. Appellee, vs. THE MICHI-GAN CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed June 18, 1913—Rehearing denied October 16, 1913.*

1. PLEADING—*when defective counts are cured by verdict.* Defects in certain counts of the declaration in a personal injury case of such a nature that they are available on demurrer are cured by verdict where the issue joined necessarily required proof of the facts defectively stated, and where it cannot be presumed, without such proof, that the court would have directed or the jury would have given the verdict.

2. NEGLIGENCE—*rule as to proving due care by decedent where no one saw the accident.* Where there are no eye-witnesses to the accident which caused the death of the plaintiff's intestate the plaintiff may establish ordinary care on the part of the deceased by the highest proof of which the case is capable, including the habits of the decedent and any other facts and circumstances from which the jury may rightfully infer that he was exercising such care.

3. SAME—*when rule that negligence of lessee railroad is conclusively imputed to lessor does not apply.* The rule that the negligence of a lessee railroad is conclusively imputed to the lessor has no application to counts in a declaration charging joint liability against two railroad companies alleged to have been using, jointly, the tracks where the accident occurred, and in such case the plaintiff is entitled to a verdict and judgment against the railroad company shown by the evidence to have been guilty of the negligence charged.

4. SAME—*when a verdict of not guilty as to one railroad does not preclude verdict against another.* Where certain counts of a declaration charge that one railroad company owned, and the other used, the tracks where the accident occurred but the other counts merely aver joint user and joint liability, the fact that the court, at the close of the evidence, directed a verdict in favor of the company charged as owner, after which the counts charging ownership were dismissed, does not preclude the jury from returning

a verdict of guilty against the other company under the counts charging joint user and liability.

5. SAME—*rule as to suing different defendants in tort.* The plaintiff in an action of tort may sue as many defendants as he chooses and have judgment against those, only, who are proven guilty; and even after verdict finding joint liability it is not error for the court to enter judgment against one defendant alone and permit the plaintiff to dismiss the suit as to the others.

APPEAL from the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding.

WINSTON, PAYNE, STRAWN & SHAW, (RALPH M. SHAW, and JOHN C. SLADE, of counsel,) for appellant.

CHARLES J. TRAINOR, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action in the circuit court of Cook county against the Michigan Central Railroad Company and the Illinois Central Railroad Company to recover damages for the death of Edwin A. Humason, an employee of the latter company. At the close of appellee's case the jury, under an instruction from the court, found the Illinois Central Railroad Company not guilty. The question of appellant's negligence was submitted to the jury and a verdict returned against the Michigan Central Railroad Company. Judgment being entered on that verdict an appeal was taken to the Appellate Court, where the judgment was affirmed. A certificate of importance being granted, the case has been brought here for further consideration.

The declaration originally contained six counts. After the verdict finding the Illinois Central Railroad Company not guilty, the first, second, third and fifth counts were withdrawn upon motion of appellee's counsel and the case

against appellant submitted to the jury upon the fourth and sixth counts, only.

Humason met his death about 5:40 o'clock in the afternoon of November 8, 1909, near Thirteenth street, on certain elevated tracks just south of the Twelfth street passenger station of the Illinois Central Railroad Company in Chicago. He was assistant station master for the Illinois Central Railroad Company, having been about eight years in that capacity and an employee of the company in various capacities for several years before that. His office was at the north end of said passenger station. Beginning at a point about opposite said office and east of it, an inclined elevation led south to the tracks of the St. Charles Air Line, having on it two sets of railroad tracks, the east tracks being for north-bound and the west tracks for south-bound traffic. At Thirteenth street the incline reached a height of nine or ten feet, and a flight of wooden steps had been built on each side by the Illinois Central Railroad Company for the use of its employees in crossing the elevation to go from one part of the yards to another. There was no walk of any kind across the two sets of tracks, connecting the two stairways. From this point the elevated tracks continued south, gradually rising, to Sixteenth street. Humason, as assistant station master, had charge of making up trains on the Illinois Central, his work being done mostly on the east side of the elevated tracks. From morning to night he was working around numerous tracks in the yards and had been doing so for years. In going from his office to the yards to supervise the making up of trains he could cross the elevation at this point or cross at grade at the north end of the station and walk down. He could also walk under the elevated tracks at Fifteenth street, two blocks south of these stairways. At about five o'clock on the day of the accident deceased was in the yards at Sixteenth street, performing his usual duties in making up trains. Two Michigan Central locomotives left that company's round-house at

Sixteenth street and Indiana avenue at 5:10 P. M. on that day bound for South Water street, to take out a freight train. This route from the round-house to South Water street was over the St. Charles Air Line to the elevated tracks in question, thence by those tracks north over the crossing where the deceased was killed. The locomotives were running backward at the rate of about seven or eight miles an hour,—"drifting down" the incline, as one of the witnesses put it, without the use of steam. The only witness who saw them before they reached the place of the accident stated that he saw no light of any kind upon the engines and heard no whistle blown. No witness testified as to whether a bell was rung or a lookout kept. The testimony shows that about 5:30 P. M. they were standing a little distance north of the elevated crossing at Thirteenth street, and the body of the deceased was lying a short distance south of them. His hat was found on the ground near the foot of the elevation, about fifteen feet from said stairs. Some of his clothing was found thirty-five feet north of the hat, on the east rail of the north-bound elevated tracks, and his body, not yet cold, was about seventy-five feet north of the clothing. Strips of clothing were found in the foremost driving wheel of the north engine. The two engineers at that time were on the ground beside the body and a short time thereafter got upon their engines and went north. These engineers did not testify, although they appear to have been still in the employ of appellant. No evidence was offered by appellant.

Appellant insists that neither the fourth nor sixth count of the declaration stated a cause of action. The sixth count alleged, in substance, that appellant and the Illinois Central Railroad Company were jointly using the two elevated tracks; that the Illinois Central Railroad Company had provided for the deceased a certain place to cross the said elevated tracks, which was then and there known to the said appellant company or in the exercise of ordinary care

should have been known; that the appellant company carelessly and negligently propelled a certain locomotive engine upon and along said tracks and over said place so provided by said Illinois Central Railroad Company for Humason to cross said tracks without giving reasonable and necessary warning of the approach thereof, by reason whereof deceased, while in the exercise of reasonable care for his own safety, was struck and killed. Counsel for appellant argue that this count is faulty in several respects, among other things in not alleging that the appellant company knew, or had reason to believe, deceased would be crossing the tracks at any particular time, or knew, or should have known, that his duties required him to cross at any particular time, or that the Illinois Central had a right to impose upon appellant the duty to observe any particular place provided by the Illinois Central Railroad Company for its employees to cross the tracks, and also in not alleging facts from which such a right could be inferred. Even if it be conceded, for the sake of the argument, that this count was defective in any of the particulars urged, viewed in the most favorable light for the appellant's contentions, the defects and omissions, being of such a nature that they could only be available on demurrer, are cured by the verdict and cannot be raised after verdict, for the issues joined on the trial necessarily required proof of the facts defectively presented, without which proof it cannot be presumed that the court would have directed or the jury would have given the verdict. (*Sargent Co.* v. *Baublis,* 215 Ill. 428; *Brunhild* v. *Union Traction Co.* 239 id. 621; *Grace & Hyde Co.* v. *Sanborn,* 225 id. 138.) This count being sufficient to sustain the verdict, it is unnecessary to consider the sufficiency of the fourth count. *Scott* v. *Parlin & Orendorff Co.* 245 Ill. 460.

At the close of appellee's case, and again after counsel had withdrawn the first, second, third and fifth counts of the declaration, appellant made a motion for a directed

verdict. It is urged that the evidence fails to show that the deceased met his death by means of the engine of appellant; that he could not have been in the exercise of ordinary care for his own safety at the time of the accident, and that there was no evidence in the record showing negligence on the part of appellant. The evidence shows that there were many railroad tracks on both sides of said elevated tracks in the vicinity of Thirteenth street, where the accident occurred, and that on the evening in question there were several locomotives in the shed of the passenger station ready to depart with their trains; that trains were running at this point on the local tracks of the Illinois Central railroad every five minutes, and also upon the express tracks, in each direction, every five minutes; that at the time of the accident three switch engines were at work just east of the elevation, near the foot-crossing in question. It was growing dark that afternoon between 5:00 and 5:30 and many of the trainmen at work in that vicinity were carrying lanterns. The only person who testified as to seeing the approach of appellant's two engines, stated that he noticed no lights upon them as they were approaching the place of the accident, but that afterwards, when he saw the engines standing a few feet north of the dead body, he saw a white light on the tank of the north engine. There is no proof in the record that any lights were lit on these engines when they were passing the crossing. Humason, to reach his office from near Sixteenth street in the yards where he was last seen alive, apparently walked north through the yards until he reached the steps near Thirteenth street, on the east side of the elevation, and ascended these steps. At the time he reached the top his back would be toward the approaching locomotives and he would be only a foot or two from the east rail of the north-bound tracks, upon which his body was found. The evidence tends strongly to show that considerable noise was being produced at that time by the engines working near that point or passing that crossing

and that smoke and steam were being thrown off from these various engines, which would naturally tend to detract the attention of the deceased from any noise produced by these two engines as they moved down the incline. The evidence in the record shows that Humason was a careful, prudent man, of good habits, sober and industrious and fond of his family, which was composed of a wife and six children. In an action of this nature the burden is upon the plaintiff to show the exercise of ordinary care. But that does not require direct evidence. Such care may be inferred from the facts and circumstances in the case. Where there is no eye-witness to the killing of a person, his administrator may establish the exercise of ordinary care on the part of the deceased by the highest proof of which the case is capable, including the habits of the deceased and any other facts and circumstances from which the jury might rightfully find that he was exercising such care. (*Stollery* v. *Cicero Street Railway Co.* 243 Ill. 290; *Collison* v. *Illinois Central Railroad Co.* 239 id. 532.) On the facts and circumstances shown in evidence we think the jury were justified in finding that the deceased met his death as a result of being run over by said locomotive of appellant, and that the questions as to whether he was guilty of contributory negligence and whether appellant was negligent were both properly submitted to the jury. It cannot be said, as a matter of law, on this record, that appellant was not guilty of negligence or that the deceased was guilty of contributory negligence.

Counsel for appellant contend that the most important question raised by this record is whether, in an action against two railroad companies,—one the owner of and the other permitted to operate trains upon certain railroad tracks,—where the negligence alleged is that of the operating company, one of these companies can be held guilty of the tort and the other not guilty. The first, second and third counts of the declaration averred joint ownership and user of the tracks upon which the accident occurred, by the

Illinois Central Railroad Company and the appellant., The fourth, fifth and sixth counts averred that these companies "were using, jointly, certain tracks in the city of Chicago." Under the averments and proofs the trial court instructed the jury, at the close of appellee's case, to find the Illinois Central Railroad Company not guilty.  The same day, on motion of appellee, the first, second, third and fifth counts were withdrawn and the case submitted to the jury upon the fourth and sixth counts, only, a verdict being rendered that same day against appellant.  Both railroad companies pleaded the general issue, and appellant filed also a special plea denying ownership and control of the tracks and right of way.  Appellant contends that by this plea of general issue the Illinois Central Railroad Company admitted its ownership of the tracks in question, while appellant by its special plea required proof by appellee as to ownership before it could be held liable; that on this state of the record it must be held that the Illinois Central Railroad Company was the owner of the tracks and that appellant was merely a user of said tracks; that it must necessarily follow that the judgment of the court finding the Illinois Central Railroad Company not guilty was conclusive against appellee's right to recover from appellant, under the rule laid down by this court in *Anderson* v. *West Chicago Street Railroad Co.* 200 Ill. 329, and *Hayes* v. *Chicago Telephone Co.* 218 id. 414, to the effect that the negligence of a lessee railroad is conclusively imputed to the lessor railroad, as the lessor and lessee railroads occupy the relation of principal and agent with respect to negligence.  Under the allegations of the declaration, the relation of principal and agent did not exist between the two railroad companies.  Neither on the allegations nor the proof does this case come within the rule laid down in those cases.  Joint liability, only, was averred in the declaration, and the proof in the record does not show that they were jointly negligent.  One or all of several wrongdoers may be sued and held liable

for committing a tort. (Dicey on Parties to Actions, 448; 15 Ency. of Pl. & Pr. 557; *Tandrup* v. *Sampsell*, 234 Ill. 526.) That has always been the rule of practice in this State. *Winslow* v. *Newlan*, 45 Ill. 145; *Wabash, St. Louis and Pacific Railway Co.* v. *Shacklet*, 105 id. 364.

Neither can there be any estoppel by verdict, as claimed by counsel for appellant. The evidence does not show that the two railroad companies were joint tort feasors. There was practically no proof in the record as to who owned these elevated tracks. It cannot be assumed by this court, as argued by counsel for appellant, that the Illinois Central Railroad Company owned the entire right of way and tracks extending along the shore of Lake Michigan between Twelfth and Sixteenth streets. Even though that were true, the proof shows, without contradiction, that these elevated tracks were being used, at the time of the accident, by engines belonging to appellant. It has long been the settled law in this State that in an action of tort the plaintiff may sue as many defendants as he chooses and have judgment against those, only, who are proved guilty. (*Pecararo* v. *Halberg*, 246 Ill. 95.) Even after verdict, in such an action, finding joint liability, it is not error for the trial court to enter judgment against one of the defendants alone. (*Postal Telegraph-Cable Co.* v. *Likes*, 225 Ill. 249.) Under such circumstances the plaintiff may dismiss his suit as to a portion and take judgment against the remainder. (*Illinois Central Railroad Co.* v. *Foulks*, 191 Ill. 57.) If there was any irregularity in the proceedings in the trial court with reference to the withdrawal of the counts and entering the verdict in favor of the Illinois Central Railroad Company it is one of which appellant cannot complain, as it was in no way injured.

On this record the judgment of the Appellate Court must be affirmed.                          *Judgment affirmed.*