VUKELIC, Appellant, vs. UPPER THIRD STREET SAVINGS & LOAN ASSOCIATION and another, Respondents.

*September 17—October 13, 1936.*

The cause was submitted for the appellant on the brief of *Jos. F. Studnicka* of Milwaukee, and for the respondents on that of *Julius O. Roehl* of Milwaukee.

FOWLER, J.   The case was decided upon a demurrer to defendants' answer which set up a previous judgment in foreclosure as *res judicata*.   The plaintiff demurred to the portion of the answer setting up such defense.   The court overruled the demurrer and entered judgment dismissing the complaint.

The appellant's claim is that the matters set up in his complaint were pleadable in the foreclosure action only by counterclaim or set-off; that they were not so set up and may now be pleaded as an independent cause of action.   If the matters were pleadable only as a counterclaim the appellant's position

is correct. But if they were admissible upon the issue of the amount due under the mortgage foreclosed, the judgment is *res judicata,* and the judgment must be affirmed.

The complaint alleges in effect that the plaintiff borrowed $15,000 from the defendant corporation to be by the corporation placed to his credit and paid out only upon the orders of the plaintiff to pay for the construction of a house; that the plaintiff gave a bond for the payment of the loan to the corporation and a mortgage to secure its payment; and that the defendants paid out $11,261.04 of the moneys so borrowed and placed to his credit without the order of the plaintiff therefor.

Paragraph 5 of the defendants' answer, specifically demurred to as not constituting a defense, alleges that an action foreclosing the mortgage referred to in the complaint was prosecuted to judgment by the defendant corporation, and $15,622.24 plus costs and solicitor's fees was adjudged due under the mortgage; that the plaintiffs were made defendants in said action, were personally served and appeared by attorney; and "that the issues raised by the complaint in this action were fully determined" in the foreclosure action.

The allegation that the issues raised by the complaint in this action were fully determined in the other is a conclusion of law not admitted by demurrer. So the precise question for determination is, Did the determination of the amount due under the mortgage determine that the fund placed to the credit of plaintiff was not paid out without his order?

It appears from the allegations of the complaint herein that the plaintiff's bond covered such sums only as were paid out upon the order of the plaintiff herein. To prove the amount due upon the bond the plaintiff in the foreclosure suit had to prove that the money claimed by the plaintiff herein was paid out on his order. Thus the plaintiff herein could have met the claim of the amount due on the bond by showing that all or some part of the money claimed to be due by the plaintiff in the foreclosure suit was paid out without his

order. It is thus plain that the former case adjudged that no money recovered therein was paid out by the plaintiff in that suit, the defendant herein, without the order of the plaintiff herein. That a judgment is conclusive upon the parties thereto as to all matters at issue in the case is elementary. *Driscoll v. Damp,* 17 Wis. 432; *Heath v. Frackleton,* 20 Wis. *320, 338; *Lawrence v. Milwaukee,* 45 Wis. 306; *Arnold v. Randall,* 124 Wis. 1, 102 N. W. 340; *Zohrlaut v. Mengelberg,* 158 Wis. 392, 148 N. W. 314, 149 N. W. 280. It is conclusive upon "every proposition within the issues in the first or former action which was presented for adjudication and decided." *Moehlenpah v. Mayhew,* 138 Wis. 561, 119 N. W. 826.

The defendant corporation was the only plaintiff in the foreclosure action. The secretary-treasurer of the corporation is alleged in the complaint herein to have paid out the money sued for as the agent of the corporation, and is claimed to be liable for his tortious conduct in so doing. The appellant contends that because both the corporation and its secretary-treasurer are parties herein the former judgment cannot be pleaded in bar because the secretary-treasurer was not a party to the former action, and a judgment in one action is not a bar to another unless the parties are the same in both actions.

While it is true, generally speaking, that parties to the two actions must be identical to permit the doctrine of *res judicata* to apply, it is stated in an L. R. A. note that—

"Where the relations between two parties are analogous to that of principal and agent [or are such] . . . the rule is, that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against the plaintiff's right of action against the other." 54 L. R. A. 649 (I).

No reason is observed why this rule should not operate in reverse. When the agent's act has been adjudged not tortious in a suit by the principal, the adjudication should bar a suit

against the agent for alleged tortious doing of the same act, as well when the adjudication was made in a suit wherein the principal was a plaintiff as when he was a defendant. Where the relation of principal and agent exists, it is immaterial whether the principal or agent be the plaintiff or defendant in the suit wherein the judgment asserted as a bar was rendered, and it is immaterial which was a party to that suit. If the principal's liability is claimed to rest on the tortious act of his agent, and in a former suit the agent's act has been determined not to have been tortious, the judgment is pleadable as a bar by either in a suit against him, although in the suit in which the judgment was rendered only the other was a party. The following cases support this rule: *Faust v. Baumgartner*, 113 Ind. 139, 15 N. E. 337; *Anderson v. West Chicago St. R. Co.* 200 Ill. 329, 339, 65 N. E. 717; *City of Anderson v. Fleming*, 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119; *Hayes v. Chicago Tel. Co.* 218 Ill. 414, 75 N. E. 1003, 2 L. R. A. (N. S.) 764; *Featherston v. N. & C. Turnpike*, 71 Hun, 109, 24 N. Y. Supp. 603; *Lea v. Deakin*, Fed. Cas. No. 8,154, 11 Biss. 23; *Bradley v. Rosenthal*, 154 Cal. 420, 97 Pac. 875; *Cressler v. Brown*, 79 Okla. 170, 192 Pac. 417; *Doremus v. Root*, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649; *Emma Silver Mining Co. v. Emma Silver Mining Co.* (C. C.) 7 Fed. 401; *Hill v. Bain*, 15 R. I. 75, 23 Atl. 44, 2 Am. St. Rep. 873; *Emery v. Fowler*, 39 Me. 326, 63 Am. Dec. 627; *Beach v. Milford Ice Co.* 87 Conn. 528, 89 Atl. 181; *Jenkins v. Atlantic Coast Line R. Co.* 89 S. C. 408, 71 S. E. 1010; *Krolik v. Curry*, 148 Mich. 214, 111 N. W. 761; *Warren Featherbone Co. v. De Camp* (C. C.), 154 Fed. 198; *W. A. Gaines & Co. v. Rock Spring Distillery Co.* (C. C.) 179 Fed. 544.

The appellant's position has a semblance of authority to support it in the case of *Woodward v. Hill*, 6 Wis. *143. In that case Hill had foreclosed a mortgage against Woodward in which a certain sum was found due, and judgment was

entered for sale of the land to satisfy the judgment and a sum realized on sale sufficient to satisfy the judgment and the judgment was thereby satisfied. Action was thereafter brought by Woodward to recover $200 on the alleged ground that Woodward had placed $200 in Hill's hands with specific instruction to indorse it on the note and that Hill had not indorsed it. Recovery was allowed on what seems to us an incorrect rule, that the $200 did not operate as a payment until it was indorsed on the note and the failure to indorse it was a breach of trust supporting an independent subsequent action for money had and received, and that for this reason the foreclosure judgment was no bar. The opinion of the court, in its closing paragraph, apologizes for its ruling by saying: "While it is possible that we may have erred in regard to the proper application of the law to this case, as it is established in the equitable action of *assumpsit* for money had and received, we are consoled by the reflection that we have done equal and exact justice between the parties, and that all the demands of equity are satisfied by our judgment." The case strikes us as one wherein "a hard case has made poor law" if the decision is to be left standing. The rule of the case is contrary to that obtaining in other jurisdictions. See note in 13 A. L. R. 1151. The same rule, applied on *Rowe v. Smith,* 16 Mass. 306, was expressly overruled in *Fuller v. Shattuck,* 13 Gray (Mass.), 70. The decision is in effect repudiated in *Driscoll v. Damp* and *Heath v. Frackleton, supra.* Chief Justice DIXON, who was not on the court when the *Hill Case* was decided, and who wrote the opinions in the two latter cases, made brave attempts to distinguish them from the *Hill Case,* and by strong-arm method apparently satisfied the court that he did so, but his efforts are not convincing. In the *Driscoll Case* a judgment on a certain claim had been entered against Driscoll for $24.95, the full amount of the claim, although payment of $10 on the account was admitted, and the judgment had been satisfied by execu-

tion. Driscoll sued Damp for $15 money had and received. The court held that the first judgment adjudicated the amount due and was a bar to the second suit. The *Heath Case* was a statutory action brought to recover treble damages on account of money alleged to have been usuriously collected by defendant from plaintiff. The complaint alleged the execution of a note and mortgage by plaintiff to defendant for money loaned by defendant to plaintiff; that the note was for $5,000, that only $4,000 was received and that the note was made for $5,000 to cover usury; that the mortgage was foreclosed and $5,875 was adjudged due on the note and foreclosure and sale was decreed, and sale was made and the amount of the judgment paid to the plaintiff. The foreclosure judgment was held a bar. The *Heath Case* is in all material respects like the case at bar. The *Hill Case* is said in the opinion of the *Heath Case* not to be analogous to the latter because in that case the defendant had "a *distinct* cause of action or counterclaim against the plaintiff," which he might have set up in defense but did not, and might therefore sue on it later as an independent cause of action. The word "distinct" implies an entirely independent cause of action; one having no connection with the matters involved in the former cause of action; one not involving the same subject matter. It is conceded in the *Hill Case* opinion that a former judgment is a bar unless the cause of action set up therein is concerning a subject matter not involved in the former. It is there said that, "No rule of law is better settled than that the judgment of a court of competent jurisdiction is final and conclusive upon the rights of the parties, *touching the subject matters of the suit,* and that the same cannot be impeached collaterally or by a counteraction." As in the instant case the determination of the amount due on the bond in the foreclosure suit involved the fact made the basis of the cause of action here alleged,

viz., whether any part of the sum found due in the former suit was paid out without the order of the plaintiff, the foreclosure suit was one "touching the subject matter" of the instant suit, and the rule of the *Hill Case* is not applicable under the opinion of the court therein.

*By the Court.*—The judgment of the circuit court is affirmed.