Walter PROCHOT and Esther Prochot, Plaintiffs-Appellees, and Cross-Appellants,

v.

Elizabeth Foerster DREW and June Martino, Defendants and Cross-Appellees,

and

United Farm Agency, Incorporated, Defendant-Appellant, and Cross-Appellee.

Nos. 12989, 12990.

United States Court of Appeals Seventh Circuit.

Nov. 23, 1960.

Rehearing Denied Dec. 23, 1960.

David Spagat, Chicago, Ill., for Prochot.

Patrick W. O'Brien, Chicago, Ill., Roger W. Barrett, Chicago, Ill., Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel, for United Farm Agency.

Ross Bennett, Portage, Wis., for Elizabeth Foerster Drew and June Martino.

Before HASTINGS, Chief Judge, DUFFY, Circuit Judge, and PLATT, District Judge.

HASTINGS, Chief Judge.

Plaintiffs Walter Prochot and Esther Prochot brought this diversity action for damages alleged to have been suffered arising out of their purchase of a tract of land from joint tenants Melvin Drew and his wife, Elizabeth Foerster Drew. Melvin Drew died after the contract of sale was drawn but prior to the execution of the deed. United Farm Agency (United) acted as broker in the sale for the Drews. Mrs. Drew and June Martino, the Drews' daughter, were joint owners of a purchase money mortgage on the premises in question, taken from plaintiffs.

Plaintiffs' complaint asked for a rescission of the mortgage against Drew and Martino, damages for breach of warranties of the land contract against Drew, and damages for fraud and negligence against United.

Plaintiffs alleged that the Drews and an agent of United misrepresented the nature of the twenty-two acres of land they purchased (over four acres were under water) and that a lane across the premises was represented as private when, in fact, it was subject to an easement.

Before submitting the issues to the jury, the court directed a verdict against plaintiffs and for Mrs. Drew and June Martino on their defense of *res judicata*. The jury returned a verdict for plaintiffs and against United for $4,344.60 which the court found was unsupported by the evidence. Over plaintiffs' objection, the trial court reduced the award of $4,344.-60 to $150 and entered judgment for plaintiffs against United in that amount.

From this judgment United appeals (No. 12989), contending that the court erred in not granting United's motion for judgment notwithstanding the verdict and, in the alternative, for refusing to grant United's motion for a new trial on the ground that the jury's verdict was excessive. Plaintiffs appeal (No. 12990), asserting error on the direction of the verdict for Drew and Martino and on the entry of judgment of $150 against United, over plaintiffs' objection.

The district court properly directed a verdict for defendants Drew and Martino. An examination of the record indicates that prior to trial, judgment had been entered in the Circuit Court of Adams County, Wisconsin, in a foreclosure suit brought by mortgagees Drew and Martino against the Prochots. In that case, the specific questions of the alleged misrepresentations by the Drews of the nature of the land and the easement were in issue, brought into the case as a defense by the Prochots. The Wisconsin court found against the Prochots on those issues. When, in the action in the federal district court, these same factual contentions were urged by the Prochots as plaintiffs, the court was correct in directing a verdict for Drew and Martino on the defense of *res judicata*. On these issues, the parties were the same in both cases; the issues were identical; and there was a prior decision on the merits. Young v. Baker, Fentress & Co., 7 Cir., 1934, 74 F.2d 422, 423. Since such issues were in fact litigated earlier in the Wisconsin court, plaintiffs cannot now contend that the Wisconsin statute making counterclaims permissive vitiates the doctrine of *res judicata* in this case. Vukelic v. Upper Third Street S. & L. Ass'n, 1936, 222 Wis. 568, 269 N.W. 273.

After the jury had returned a verdict for plaintiffs and against United for $4,344.60, the court said it was "going to set it aside, as unwarranted, and enter judgment and a finding for the plaintiffs" in the sum of $150 and costs. The plaintiffs made timely objection.

It is well established that " * * * the trial court may not of itself arbitrarily reduce the damages; it must afford plaintiff opportunity to make a remittitur if he desires and if he does not choose to do so, grant a new trial. * * * For either the trial court or the appellate court arbitrarily to reduce the damages to a lesser amount is well-nigh to deprive plaintiff of a right to a jury trial." Bucher v. Krause, 7 Cir., 1952, 200 F.2d 576, 588.

The forced remittitur by the trial court constitutes reversible error.

[3] In a pre-trial order the court had defined the proper standard of damages in this case: "What is the difference, in dollars, between the value of the premises as purchased and the value of the premises if they had contained 22 acres?" The charge to the jury defined damages in these same terms.

Subsequent to the jury verdict, United filed its motion for judgment notwithstanding the verdict. One of the grounds for that motion was that there was "no evidence that plaintiffs or either of them suffered any damage as the result of any conduct by or on behalf" of United.

We have read and examined the entire transcript and record and find no evidence therein relating to the proper standard of damages as set forth in the district court's pre-trial order. Plaintiffs offered evidence of litigation expenses with third parties dealing with the easement. However, these damages do not relate to the value of the land actually purchased. Plaintiffs' surveyor witness testified he had no knowledge of the difference between the value of the land as purchased and as represented. Plaintiff Walter Prochot attempted to testify to such difference, but the court properly refused to admit his testimony on the ground that he had not been properly qualified as a witness to testify on this proposition.

Since there is a complete absence of evidence of damages within the standards properly defined by the district court, the court should have granted United's motion for judgment notwithstanding the verdict and erred in its denial of the same.

We do not reach the issue of Wisconsin substantive law concerning the degree of care a broker must exercise in making representations to prospective customers.

That part of the judgment against plaintiffs and in favor of Drew and Martino (Appeal No. 12990) is affirmed.

That part of the judgment in favor of plaintiffs and against United (Appeal No. 12989) is reversed; this cause is remanded to the district court with directions to grant United's motion for judgment notwithstanding the verdict and to enter an appropriate judgment thereon.

Affirmed in part, reversed in part and remanded.