McKinzie *vs.* Baltimore and Ohio Rail Road Company.

(Decided 7th February, 1868.)

---

## LOUIS McKINZIE *vs.* THE BALTIMORE AND OHIO RAIL ROAD COMPANY.

*Replevin — Practice — Evidence — When a Judgment operates as an Estoppel — Who are Parties — The Policy of the Law in regard to Litigation.*

The action of replevin in this state, is a more extensive remedy than in the English Courts ; here it is appropriately applied to all cases in which the plaintiff seeks to try the title to personal property, and recover its possession.

Where in an action of replevin, the defendant pleads property in a third party, and the plaintiff replies property in himself, and issue is there-

upon joined, the *onus* is upon the plaintiff to prove to the satisfaction the jury, that the property sought to be recovered is his, by a title superior to the claim relied on in the defendant's plea.

A judgment, to operate as an estoppel, must be upon the same subject matter, and between the same parties.

The term "parties," is not restricted to those who appear as plaintiff and defendant upon the record; it includes those who are directly interested in the subject matter of the suit, knew of its pendency, and had the right to control and direct or defend it.

Justice requires that every cause be once fairly and impartially tried; but the public tranquillity demands that having been once so tried, all litigation of that question and between the same parties, should be closed forever.

APPEAL from the Circuit Court for Howard County.

At the trial of this cause below, the plaintiff took two exceptions, the first of which is here omitted, as the question presented by it, was deemed by this Court unimportant to either party.

*Second Exception:* The plaintiff prayed the Court to instruct the jury as follows:

1st. If they believe from the evidence that Mantz and Byrne, or either of them, had notice of the institution of the action of replevin, in the Circuit Court for Washington county, by Lewis McKinzie against Israel Russell for pig iron; and that said Russell was but the bailee and agent of Mantz and Byrne, and that before the institution of this suit, Mantz and Byrne employed Wm. P. Maulsby as their counsel and attorney to defend the title to said iron, and that Charles Mantz attended the trial of the case in the Circuit Court for Washington county, and took part in the management and trial of said case, and furnished evidence of his claim to said iron, and that the said William P. Maulsby attended to and took part in the trial of said case as counsel, with the assent and approbation of said Charles Mantz, and also, that the iron in dispute in this case is the identical iron that was in dispute in the case of *McKinzie vs. Russell,* in the

McKinzie *vs.* Baltimore and Ohio Rail Road Company.

Circuit Court for Washington county; that then the verdict and judgment in that case as offered in evidence, is conclusive as to the title to the iron now in dispute, and the plaintiff is entitled to recover, notwithstanding the jury may find that said Maulsby was not employed or feed by Mantz and Byrne to try said case.

2d. If the jury believe from the evidence, that at the time of the institution of the replevin suit of *McKinzie vs. Russell* read in evidence, the said Russell held said iron as bailee and servant of Mantz and Byrne, named in the agreement filed in this cause and read in evidence. And if the jury further find from the evidence, that in the trial of said replevin suit, the said Mantz was present, and furnished the counsel defending said case with evidence of the title of said Mantz and Byrne to said iron, and that on said trial, the only matter in issue upon the evidence, was the title of said McKinzie on the one side, and that of Mantz and Byrne on the other side. And if the jury further find, that the counsel defending the suit represented the said Mantz and Byrne, and that said Mantz and Byrne on said trial, claimed in privity with said Russell, then the said Mantz and Byrne are equally concluded with said Russell, by the verdict and judgment read in evidence, and it is not competent for them in this action to dispute the title of said plaintiff to said iron, provided the jury find that the iron now in dispute, is the same iron which was in controversy in said suit.

3d. If the jury find that the said Mantz and Byrne were the principals, and said Israel Russell their agent, in respect to the iron named in said record read in evidence, at the time of the institution of said suit against said Russell, and that the said suit was defended in the name of said Russell for the benefit and under the title and claim of said Mantz and Byrne, and that they were privy to said trial, and assisted therein by furnishing evidence of their claim to said iron, and that said Mantz was offered as a witness in said cause, that he executed a paper to qualify as witness in said cause,

then the said verdict and judgment is admissible and competent evidence to show title in the plaintiff in this action, provided the jury further find that the iron in dispute in said suit against Russell, is the same as that now in dispute.

4th. If the jury find from the evidence aforesaid, that the said Mantz and Byrne had control of the case of *McKinzie vs. Russell*, on the trial thereof, and that the same was defended in the name of said Russell, but for their benefit, then the said judgment is operative as evidence to establish title in the plaintiff on this trial as against said Mantz and Byrne.

The defendant thereupon offered the following prayer :

That upon the pleadings and all the evidence in this cause, the plaintiff is not entitled to a verdict, unless the jury shall find from all the evidence in the cause that Charles Mantz and Michael Byrne, the parties to the agreement filed between the plaintiff in this cause, and said Mantz and Byrne, and the Baltimore and Ohio Rail Road Company, by their respective attorneys in this cause, did control the proceedings in the cause of *McKinzie vs. Russell*, in the Circuit Court for Washington county, the record in which cause has been produced and offered in evidence by the plaintiff in this cause; and did make the defense in said cause of *McKinzie vs. Russell*, and did adduce and cross-examine the witnesses which were adduced, examined and cross-examined respectively by the defense in the said cause.

The court rejected the first, second and third prayers of the plaintiff, but granted his fourth prayer, as also the prayer of the defendant. To this ruling of the Court the plaintiff excepted.

After the court had so ruled and the plaintiff had written out his exceptions, he offered the following additional prayer :

5th. If the jury believe from the evidence, that Mantz and Byrne, or either of them, had notice of the institution of the action of replevin, in the case of *McKinzie vs. Russell*, read in evidence, and that said Russell was but the bailee and servant of Mantz and Byrne in respect to said iron, and that

before the institution of this suit, the said Mantz and Byrne had employed W. P. Maulsby as their counsel, to defend their title to said iron, and that said Charles Mantz attended the trial of the case of *McKinzie vs. Russell*, and took part in the management and trial of said case, and furnished evidence of the claim of Mantz and Byrne to said iron, which evidence was submitted to the jury, and passed upon by them, and that said Maulsby appeared and defended said case with the assent and approbation of said Mantz, and also, that the iron in dispute in that case, is the identical iron now in dispute, then the verdict and judgment in that case, is *prima facie* evidence of title in the plaintiff, at the date of the replevin against Russell, to the iron now in dispute. Although the jury may find, that said Maulsby was not employed by Mantz and Byrne to try said case of *McKinzie vs. Russell.*

The Court rejected this prayer and the plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT and GRASON, J.

*Joseph L. Brent* and *Joseph M. Palmer*, for the appellant:
The ruling of the Circuit Court in rejecting the plaintiff's first, second and third prayers, was manifestly erroneous. These three prayers present, substantially, one and the same legal proposition, that is, the record of the verdict and judgment in the case of *McKinzie vs. Russell*, given in evidence in this case, was conclusive evidence of the fact that the title to the iron in dispute was in the appellant, McKinzie, the iron being identically the same in both cases. These three prayers will be considered together. They are based upon the hypothesis, that the parties in interest were substantially the same in both cases, and that the iron in dispute was identically the same; that Mantz and Byrne claimed the iron in both cases, and actually appeared by their retained counsel in both cases, to defend their title to the iron

in dispute.   The evidence, to prove these facts, is over-whelming.   The real question for the consideration and de-termination of the Court then is, whether, under the plead-ings and evidence in this case, the record of the verdict and judgment in the case of *McKinzie, vs. Russell,* were conclusive evidence of the title to the iron in the appellant, the plaintiff in the Court below, and operated as an estoppel *to prevent* Mantz and Byrne from disputing the said title in this action. We insist that said verdict and judgment were conclusive evi-dence of title to the said iron in the appellant, and operated as a complete estoppel to prevent Mantz and Byrne from dis-puting the title in said iron.   The title and right of possession to said iron had been fairly tried by a Court of competent jurisdiction between the same parties or their privies, and the verdict and judgment were that the iron belonged to McKinzie.

It is a sound and well-settled principle of the common law, 'that no one ought to be twice harrassed for the same cause.'   This salutary principle of the common law is too deeply rooted in the jurisprudence of England and also of this country, to be now disturbed.   "Justice requires that every cause be once fairly and impartially tried; but the public tranquillity demands that having been once so tried, all litigation of that question, and between the same parties, should be closed forever."   *Cecil vs. Cecil,* 19 *Md. Rep.,* 79; *Lovejoy vs. Murray,* 3 *Wallace,* 18, 19.

It is not by any means true, that in order to constitute an estoppel by a record of a verdict and judgment, that the par-ties on the record must be the same.   The term *parties* has a much more extensive meaning.   It includes the real parties in interest who, although not upon the record, claim the title to the property in dispute, and had a right to appear and control the proceedings, &c.   Mantz and Byrne certainly had that right, and they exercised it to its fullest extent, as the evidence in the case clearly shows.   The authorities on the subject of parties and privies are very explicit, and clearly

define who are to be considered in privity with the parties on the record. 1 *Greenleaf on Ev.*, secs. 180, 522, 523; *Cecil vs. Cecil*, 19 *Md. Rep.*, 79; *Duchess of Kingston's case*, 20 *Howell's State Trials*, 538; *Case vs. Reeve*, 14 *Johns.*, 81, 82; *Duffield vs. Scott*, 3 *Term R.*, 374; *Castle vs. Noyes*, 14 *N. Y. Rep.*, 329; 1 *Phillips' Ev.*, 324 ed. of 1839, *by Cow. and Hill.*

Mantz and Byrne claimed the identical iron in dispute in both cases, and appeared with their counsel at the trial of both cases. Courts of justice, in considering the effect of verdicts and judgments, will always take notice of the real parties in interest to the suit. To this rule there is no exception. The verdict and judgment are so conclusive upon the parties and privies they cannot by *consent* waive the estoppel. 1 *Greenleaf's Ev.*, sec. 331; 3 *Phillips' Ev.*, (*by Cowen,*) 806.

The Washington county record is just as conclusive as if it had been completed by *final* judgment before the present suit was brought, because it was the prior "*lis pendens.*" *Marsh vs. Pier*, 4 *Rawle*, 279; 3 *Phillips' Ev.*, 805, *notes.*

The law seems to be indisputably settled, that a verdict and judgment upon the merits of a controversy in a former suit, are in a subsequent action between the same parties or privies—and where the cause of action is identical—conclusive evidence of the right settled in the former suit, whether pleaded in bar, or given in evidence. This case falls directly within this general principle; and all the authorities upon the question will be found, when carefully examined, to sustain, fully, the legal position for which we are contending. 1 *Greenf. on Ev.*, sec. 531 *and n.* 1; *Shafer vs. Stonebraker*, 4 *Gill & John.*, 345; *Beall vs. Pearre, Adm'r*, 12 *Md. Rep.*, 550, 565; *Cecil vs. Cecil*, 19 *Md. Rep.*, 72–80; *Marsh vs. Pier*, 4 *Rawle*, 279; *Hollister vs. Abbott*, 11 *Foster's N. H. Rep.*, 442; *Bailey vs. Foster*, 9 *Pick.*, 139; *Peterson vs. Lothrop*, 34 *Pa. State Rep.*, 223; *Kent vs. Hudson River Rail Road*, 22 *Barbour*, 279; *Warfield vs. Davis*, 14 *B. Monroe*, 41; *Chambers vs. Lapsley*, 7 *Barr.*, 24; 2 *Smith's Lead. Cases*, 818–827.

"The law seems to be clearly settled, that a recovery in trover or trespass, by or against an agent or bailee, may be pleaded in bar to another action, brought for the same cause of action, by the bailor or principal." *Bates vs. Stanton,* 1 *Duer's N. Y. Rep.,* 79.

"It has also been held, that a judgment against a servant or agent who defends a suit in right of his master or principal, will be conclusive against a renewal of the controversy by the latter." *Heller vs. Jones' Lessee,* 4 *Binney,* 61; *Bailey vs. Foster,* 9 *Pick.,* 139; *Case vs. Reeve,* 14 *John.,* 572; *Castle vs. Noyes,* 4 *Kernan's N. Y. Rep.,* 329; *Peterson vs. Lothrop,* 34 *Penn. State Reps.,* 223, 228; *Warfield vs. Davis,* 14 *B. Monroe,* 41.

The action of replevin is, in this state, it will be remembered, a much more extensive remedy than it is in England. It is the proper and appropriate remedy to try the title and right of possession of personal property claimed by the plaintiff in the action. It is to recover the specific thing claimed— not damages for the taking and detaining the property. Hence, if the plaintiff can prove his title to the property and the right of possession, he will be entitled to recover the specific thing claimed, if the pleadings in the case present the issue of title to the property in the plaintiff. *Cullum vs. Bevans,* 6 *Har. & John.,* 469; *Cromwell vs. Owings,* 7 *Har. & John.,* 55; *Cumberland Coal and Iron Company vs. Tilghman,* 13 *Md. Rep.,* 83; *Bowie's Ex'r vs. Bowie,* 1 *Md. Rep.,* 95; *Brook vs. Berry,* 1 *Gill,* 153; *Russell vs. McKinzie,* 13 *Md. Rep.* 565.

It is respectfully insisted that the ruling of the Circuit Court, in rejecting the plaintiff's fifth prayer, was also erroneous, and cannot be sustained upon any principle. The verdict and judgment in the case of *McKinzie vs. Russell,* most unquestionably must be either conclusive or *prima facie* evidence of the title to the iron in dispute in McKinzie, at the time of the date of the replevin against Russell, for the real question involved in that case was upon the pleadings and

issues, whether the iron in dispute did or did not belong to the plaintiff, and the jury, upon the issues, found for the plaintiff. Even if this Court should be of the opinion that we are wrong in our views as to the conclusive effect of the verdict and judgment in the first case, and that they do not operate as an estoppel, the Circuit Court most certainly erred in refusing to grant the fifth prayer. The verdict and judgment in the first case are *conclusive or prima facie* evidence of title in McKinzie. This is clear from all the authorities, and was specifically decided by the Court of Appeals in the case of *Warfield and Mactier vs. Walter,* 11 *Gill & John.,* 80.

The objection made by the counsel for the appellees, in the Court below, to the granting of the plaintiff's fifth prayer, "that it was offered after the Court had decided plaintiff's other prayers and defendants' prayer, but before the bill of exceptions were signed"— is not tenable, and cannot be sustained either by reason or authority—either party had unquestionably the right to call upon the Court to instruct the jury as to the law at any time before they retired from the bar, &c.

The defendants' prayer was erroneously granted, because it conflicts with the above principles involved in our prayers, and sought to get rid of the effect of the former verdict and judgment, by ignoring the privity of Mantz and Byrne to the defence made by their servant Russell for them, and in their behalf, and requiring us to satisfy the jury that Mantz and Byrne actively controlled the trial, and did adduce and cross-examine the witnesses. It misled the jury by rejecting and ignoring all the other evidence tending to show their privity with their servant Russell, who was the nominal actor in their behalf in that suit.

*William P. Maulsby,* for the appellees:

The appellant's first exception appears to be abandoned. No error is assigned in his brief. His second exception was taken to the rejection of his first, second, third and fifth prayers, and to the granting of the appellees' prayer.

His first three prayers are based on the same hypothesis, that the parties in interest in both suits, *McKinzie vs. Russell* and *McKinzie vs. Baltimore and Ohio Rail Road Co.*, were substantially the same, and the iron in dispute the same; that Mantz and *Byrne* claimed the iron in both cases, and actually appeared by their retained counsel in both cases to defend their title to the iron in dispute. His proof is, that in one of the suits, McKinzie, the appellant, was plaintiff, and one Israel Russell was defendant; that Israel Russell appeared in Court by Alexander Neill, Jr., his attorney; that after continuance, Russell appeared at the next term by said Neill and William P. Maulsby, his attorneys, and pleaded *non cepit,* and property in Mantz and Byrne, as he had a right to plead if he thought proper, and which put the plaintiff on'proof, first, of *the taking,* and next, the plaintiff having replied property in himself, on proof of that property in himself. *Warfield and Mactier vs. Walter,* 11 *G. & J.,* 80.

These were the whole effects of Russell's pleadings—no more no less. Proof by the plaintiff of *his right of possession at the time of suit brought,* was sufficient to enable him to maintain the second issue joined. *Cumb. Coal and Iron Co. vs. Tilghman,* 13 *Md. Rep.,* 74.

Russell, the defendant, went on to try his own case in his own way, as he had a right in law to do, and Mantz and Byrne had no right, in law, to meddle with him. He summoned and produced on the stand, Mantz, to maintain one of the issues proved between him and McKinzie. He refused the proof. This is all the proof contained in the record offered in evidence, touching this point. Mantz and Byrne no where, in any shape or form, are shewn by the record, to be exercising the least interference with the case of *McKinzie vs. Russell.* Next comes the parol proof offered by the appellant to that point. His witness, Maulsby, proves that Mantz and Byrne had nothing to do with the control or trial of the case, direct or indirect. That he did not appear in it as their retained counsel, or at their request, or by their con-

McKinzie *vs.* Baltimore and Ohio Rail Road Company.

sent, or in any way through their agency, but that, so far from it, he had advised them, that they had no concern with it, and they accordingly had no concern with him. Then the witness McClure proves, that Mantz frequently sat by the side of Russell's counsel during the trial, and spoke to them. This is the substance of all the testimony to the point, and this is the evidence which the appellant in his brief says, is overwhelming to shew, that the suits were substantially the same; that Mantz and Byrne claimed the iron in both cases, and actually appeared by their retained counsel in both cases, and defended their title to the iron in dispute. It is submitted, that on this point of the proof of the truth of the hypothesis of the appellant, or on its utter baldness, the case turns. Or rather, that without proof to sustain his hypothesis, the appellant, on his own shewing, has no case.

The point in this case is, is there proof to show, that Mantz and Byrne conducted Russell's defense? That the offer of Mantz as a witness, was the offer of Mantz and Byrne? If it were the offer of Russell, and if Russell had preceded that offer by other proof, which made Mantz, when offered, an incompetent witness, for all that, Mantz and Byrne were in no way responsible, and cannot be affected by it. They can be affected only by their own acts. Russell may, by his own acts and doings, in his own controversy with McKinzie, deprive himself of testimony, or otherwise affect himself and his own rights, but he cannot by his acts, affect Mantz and Byrne or their rights. It comes back to the one question. Did Mantz and Byrne, by any act of record, or any act *in pais*, proved in this case, claim the iron in question, in the case of *McKinzie vs. Russell*—that is, did they appear by counsel in that case, and in that case defend their title to the iron?

The rule is, that a judgment to be conclusive, must be between the same parties. The reason is, because otherwise, a man might be bound by a decision, who had not the liberty to cross-examine, and nothing could be more contrary to

natural justice, than that a man should be injured by a determination, that he, or those under whom he claims, was not at liberty to controvert. It is not permissible to detain the court with an endeavor to make plain, that Mantz and Byrne do not claim under Russell. The estoppel of a judgment only binds parties and privies, and does not extend to those who are strangers in person or estate, nor to those cases where the suit, in which the judgment is rendered, partakes of the nature of a proceeding *in rem.* Replevin is not a proceeding *in rem.*, but *inter partes.* 2 *Smith's Leading Cases,* 585, 587, 683, &c.; 2 *Phillip's Evidence, Cowen, Hill and Edward's notes, Edition 4th Amer.* 1859, *p.* 7, *note* 252,— *p.* 8, *note, pp.* 16, 17.

There can be no real difference between the conclusive character of the record in *McKinzie vs. Russell* and its *prima facie* character. The question is, is that record evidence of title in McKinzie in this suit at all? It cannot be evidence at all, whether conclusive or *prima facie,* unless between the same parties or privies, and the privity of Mantz and Byrne could only be shown by parol proof, of which there is none.

The appellee's prayer was properly granted for the same reasons, for which the plaintiffs' prayers were rejected. Mantz and Byrne could be bound by the judgment in *McKinzie vs. Russell,* only on the ground that they were privies,—that is, were the real, though not the nominal parties, having the power to control the trial, produce witnesses, examine and cross-examine them, and frame pleadings, &c.

BRENT, J., delivered the opinion of this Court:

This is an action of replevin for a quantity of pig iron, commenced on the 15th of October, 1856, in the Circuit Court for Frederick county, by Louis McKinzie against the Baltimore and Ohio Rail Road Company. On the 17th of the same month, Charles Mantz and Michael Byrne, by an

agreement of all the parties, were permitted to come in and defend the suit, " as fully and in the same manner, as if they were defendants named in the writ." The usual declaration was filed; the pleas were *non cepit* and property in Mantz and Byrne, and in Mantz. On the first plea the plaintiff joined issue, and to the second replied property in himself, upon which, issue was then joined by the defendants. The case was afterwards, on the suggestion and affidavit of the plaintiff, removed to the Circuit Court for Howard county, and after an agreement by the parties to waive all errors and defects in the pleadings, was tried at September Term, 1865. The judgment being against the plaintiff, he appealed to this Court. On the 8th day of October, 1856, prior to the bringing of this suit, the same plaintiff, McKinzie, had sued out a writ of replevin from the Circuit Court for Washington county, for the iron, now in controversy, against a certain Israel Russell. It was replevied and delivered by the sheriff to Wm. B. McClure, the agent of McKinzie. A few days afterwards it was removed, and taken by Mantz into Frederick county. The case in Washington county proceeded to trial, and after being brought to this Court, was finally determined in favor of McKinzie. The record in this case discloses the following facts : the identity of the iron, with that in the case of *McKinzie vs. Russell,* is fully established. Russell, the defendant in that case, was a mere agent of Mantz and Byrne, holding as such, the iron at the time it was replevied from him. He had no interest in the suit, and claimed the iron, only as the property of his principals. Mantz and Byrne knew of the pendency of the suit. Mantz was present during the trial, furnished evidence necessary for the defence, and tending to shew property in himself and Byrne,—released the witness Brown, from whom it was claimed they derived their title, to render him competent,—and claimed in open Court that justice should be done him, as the iron was his. Their attorney, then employed in the present case, was also present, and assisted in conducting the

defence. Upon these facts, it is claimed by the appellant, that the judgment in the case of *McKinzie vs. Russell*, is conclusive, against Mantz and Byrne, of the title of McKinzie to the iron in controversy.

The action of replevin in this state, as argued by the appellant's counsel, is a more extensive remedy than in the English Courts, and it is here "appropriately applied to all cases in which the plaintiff seeks to try the title to personal property, and recover its possession." *Brooke vs. Berry*, 1 *Gill*, 163; *Bowie's Ex'r vs. Bowie*, 1 *Md. Rep.*, 95; *Cumberland Coal and Iron Co. vs. Tilghman*, 13 *Md. Rep.*, 83. In *McKinzie vs. Russell*, the title was directly in issue. Russell pleaded property in Mantz and Byrne, and McKinzie replied property in himself, upon which issue was joined. The *onus* was thus upon McKinzie to prove to the satisfaction of the jury title in himself, as the issue was upon his replication. He was required to establish affirmatively, that the iron was his property; and by necessary consequence, *his property* by a title superior to the claim of Mantz and Byrne, relied upon in the defendant's plea. The verdict and judgment show, that he did so successfully. A judgment, to operate as an estoppel, must be upon the same subject matter and between the same parties. The term "parties," however, is not restricted to those who appear as plaintiff and defendant upon the record. It includes those who are directly interested in the subject matter of the suit, knew of its pendency, and had the right to control, and direct, or defend it. 1 *Greenl. Ev.* secs. 522-3; *Cecil vs. Cecil, et al.*, 19 *Md. Rep.*, 78; *Castle vs. Noyes*, 14 *N. Y. Reps.*, 332; *Chicago City vs. Robbins*, 2 *Black*, 418; *Lovejoy vs. Murray*, 3 *Wallace*, 19. The law, in dispensing even-handed justice to all, has wisely taken care "*ut sit finis litium;*" and if matters, which have been once solemnly decided, could be again drawn into controversy, there would be no end of litigation and disputes. Mr. Greenleaf has happily said, "justice requires that every cause be once fairly and impartially tried; but the public tranquillity

McKinzie *vs.* Baltimore and Ohio Rail Road Company.

demands, that having been once so tried, all litigation of that question and between the same parties should be closed forever." The judgment in *McKinzie vs. Russell,* is brought by the evidence, above referred to, within this doctrine, and it must be regarded as an estoppel upon Mantz and Byrne, and conclusive against them of the title of the appellant to the iron in question. The record evidence offered in the case of *Warfield & Mactier vs. Walter,* 11 *G. & J.,* 83, relied upon by the appellees' counsel, differs in a most important and material feature from the record in the case of *McKinzie vs. Russell.* In the record there offered, the verdict and judgment were *against* the plaintiffs; and the Court decided it was not admissible to prove the title of Susanna E. Walter, in whom property had been pleaded by the defendant, upon the true ground, that it was not the issue which had been submitted in that case to the jury. The Court say " it was the plaintiffs' title to the property in dispute which was put in issue by the pleadings, and upon which the jury had to decide by their verdict, and not the title of Susanna E. Walter." Had the verdict and judgment been for the plaintiffs, the judgment would have been conclusive and operated as an estoppel, because the title of the plaintiffs was the matter in issue. But being adverse to the plaintiffs, the verdict only went to the extent of declaring that the title was not in them, and could not be regarded as deciding title in any one else. The ground taken, that the defendants' prayer, which was granted by the Court below, does not differ from the fourth prayer of the plaintiff, will be found, by a comparison of the two, to be untenable. The plaintiff's prayer rests upon that portion of the evidence, which tends to shew that Mantz and Byrne controlled and defended the case against Russell. It correctly asserts, if the jury find they did so, the judgment in the case " is operative as evidence to establish the title of the plaintiffs ; " but it does not exclude the finding of other facts set forth in the preceding prayers, which equally render the judgment conclusive for that purpose. The prayer of the

defendants restricts and confines the jury alone to the actual control and defence of the case by Mantz and Byrne, and for this reason is erroneous.   We are therefore of opinion that there was error in the Court below, in rejecting the prayers of the plaintiff and in granting the prayer of the defendants. The fifth prayer of the plaintiff, offered after the rejection of these prayers by the Court, is inconsistent with their theory, and the views we have expressed.   It was therefore properly rejected.   This decision renders it wholly unnecessary to consider the first exception.   As the case will be sent back, the question there presented is unimportant to either party, and does not in any manner affect the interests involved in this suit.

*Judgment reversed, and procedendo awarded.*

(Decided 11th February, 1868.)