## Heavrin, by et al. v. Lack Malleable Iron Company.

(Decided April 22, 1913.)

### Appeal from McCracken Circuit Court.

1. Judgment—Suit Against Partnership as Corporation—Defense by Partners—Judgment Against Partnership—Liability of Individual Partners.—Where a partnership is sued in its firm name as a corporation, and the allegation that it is a corporation is not denied, and the individual partners employ counsel and defend in the partnership name and make every possible defense that they could have made had they been made defendants and personally served with process, they will be held individually liable on the judgment.

2. Judgment—Action On.—While no action may be brought on a judgment to recover a second judgment of a party against whom the original judgment was rendered, an action may be brought on a judgment for the purpose of imposing liability on one who, though not named in the judgment, is bound thereby.

W. A. BERRY, C. C. GRASSHAM, BERRY & GRASSHAM for appellants.

BRADSHAW & BRADSHAW for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

On November 7, 1910, Alfred Heavrin, suing by his next friend, Florin Schultz, brought suit in the Mc-Cracken Circuit Court against the Lack Malleable Iron Company to recover damages for personal injury. The petition alleged that the Lack Malleable Iron Company was a corporation. As a matter of fact it was a partnership, composed of F. E. Lack, G. W. Grief and Clarence LeRoy. On the filing of the petition, summons was issued against the Lack Malleable Iron Company. The sheriff of McCracken County made the following return on the summons:

"Executed in full Dec. 10, 1910, by delivering a true copy of the within summons to F. E. Lack, he being manager of the Lack Malleable Iron Company."

After its demurrer to the petition was overruled, the Lack Malleable Iron Company filed an answer denying negligence and pleading contributory negligence on the part of the plaintiff, but not denying the allegation that the Lack Malleable Iron Company was a corporation. The answer was verified by F. E. Lack. On November 15, 1911, a trial was had which resulted in a verdict in favor of plaintiff for the sum of $750. Thereafter the Lack Malleable Iron Company filed motion and grounds for a new trial, which were overruled. It also moved for a judgment in its favor notwithstanding the verdict. This motion was also overruled. On April 1, 1911, judgment on the verdict was rendered in favor of plaintiff, and execution awarded. No execution, however, was ever issued.

On March 22, 1912, plaintiff, Alfred Heavrin, suing by his next friend, Herman Heavrin, brought this action against F. E. Lack, G. W. Grief and Clarence LeRoy, partners doing business under the firm name and style of the Lack Malleable Iron Company. The petition, after reciting the facts with reference to the first suit, as above set out, alleges that at the time the first suit was instituted plaintiff believed that the Lack Malleable Iron Company was a corporation. The petition further charges that upon the filing of the petition in the first suit the defendants, F. E. Lack, G. W. Grief and Clarence LeRoy, employed, through F. E. Lack, attorneys to represent the partnership, Lack Malleable Iron Company; that said attorneys, in behalf of the Lack Malleable Iron Com-

pany, first filed a demurrer and then an answer; that the defendants never raised any question or made any objection because the original action against the partnership was brought in its firm name, Lack Malleable Iron Company, but the defendants adopted their firm name as their name and the name with which to defend the trial of said cause. After defendants joined issue, the defendant, F. E. Lack, acting for himself as a partner in the Lack Malleable Iron Company, and with full knowledge of his co-partners, Grief and LeRoy, and upon their authority as such partners, and on behalf of such partnership, appeared in said action with the attorneys who had been employed by the partnership and the defendants, Lack, Grief and LeRoy, to defend for them in the name of the partnership, and defended and tried out the questions at issue. After the evidence was heard the case was argued by counsel for plaintiff and also by counsel for the defendants, Lack, Grief and LeRoy. Thereupon, verdict was returned in favor of plaintiff, the judgment was entered against the Lack Malleable Iron Company. By reason of the various steps taken by the defendants, Lack, Grief and LeRoy, in defending the action on their own behalf and on behalf of the partnership, in the partnership name, it is alleged that the defendants, Lack, Grief and LeRoy, became bound by and liable on the judgment which was obtained against the partnership, and which had never been paid. A demurrer was sustained to the petition and the petition dismissed. Plaintiffs appeal.

Ordinarily it is true that all the individual members of a partnership must be joined as defendants, and that an action against a partnership cannot be maintained in its firm name only. It is likewise true that the service of summons upon one member of a partnership, or the appearance of one member of the partnership does not enter the appearance of others not served or personally appearing. It is likewise the law in ordinary cases that the plea of the general issue in the partnership name by one partner, without the authority or consent of the other partners does not enter the appearance of partners not served with summons or personally appearing. Fox v. Bluegrass Grocery Co., 22 Ky. L. Rep., 1695; Rice v. Doniphan & Smoot, 4 B. Mon., 123; Boyce, et al. v. Watson, 3 J. J. Mar., 498. But it is also the rule that whenever one has an interest in the prosecution or defense of an action, and he, in the advancement or protection of

such an interest, openly takes substantial control of such prosecution or defense, the judgment, when recovered therein, is conclusive for and against him to the same extent as if he were the nominal as well as the real party to the action. Freeman on Judgments, section 174.

In the case of Warfield v. Davis, 14 B. Mon., 4, it appeared that a slave was in the possession of Warfield's agent, and sued the agent to recover his freedom, and obtained judgment. In a subsequent action by the slave against Warfield to recover damages, it was held that Warfield, the owner of the slave, who made defense in the name of his agent in order to protect his own interests, was the real party in interest, and was therefore bound by the judgment against his agent. In the case of Schmidt v. Louisville, Cincinnati & Lexington Railway Co., 99 Ky., 143, Schmidt obtained judgment against the Louisville, Cincinnati & Lexington Railway Company. He filed an amended petition in the same action, charging that the Louisville & Nashville Railroad Company had taken charge of and controlled the defense, had employed counsel, produced evidence and paid the expenses of the nominal defendant, Louisville, Cincinnati & Lexington Railway Company, and was therefore the real party in interest. On appeal to this court, it was held that the Louisville & Nashville Railroad Company was bound by the judgment against the Louisville, Cincinnati & Lexington Railway Co.

Manifestly, under the foregoing rule, if the defendants had been sued and served with process in the names of Thomas Jones, John Brown and William Smith, or had entered their appearance under these names, and had defended in these names, they would have been bound by the judgment. As a matter of fact, however, the partnership was sued as a corporation. The question that the partnership was not properly sued, or that its individual members were not before the court was not raised. Defense was made by the defendants as if they were parties defendant and properly before the court. The defendants composing the partnership employed counsel to make defense. Lack, one of the defendants, acting for and on behalf of himself and his co-partners, and by their authority, appeared in open court and assisted in the defense. The attorneys employed by the partnership and its individual members made in the partnership name every possible defense to the action. Indeed, had the defendants been personally sued and personally served with

process they could have taken no step that was not taken by them and for them to protect their interests and to avoid liability by defeating a recovery in the action. Having authorized these steps to be taken in order to avoid liability, and having thus actually made defense and contested the suit as vigorously and earnestly as if they had been named as defendants and served with process, it would be a mockery of justice to permit them to escape liability on the ground that they were not technically parties defendant or technically before the court. In such a case partners actually making defense for and on behalf of the partnership, and for and on behalf of themselves in the partnership name, will be treated as the real parties in interest and as the real defendants, and therefore bound by the judgment. Any other rule would make the administration of justice depend not on a fair and impartial trial, but on mere tricks and subterfuges.

But it is insisted that no action can be brought on a judgment for the purpose of obtaining another judgment, but that the only action that can be brought on a judgment is an action to enforce the judgment on a return of no property found, as provided by section 439 of the Civil Code. This is the rule, it is true, where it is sought to enforce the judgment against a party against whom the original judgment was rendered. Cundiff v. Trimble, 21 Ky. L. Rep., 657; Davidson v. Simmons, 11 Bush, 330. The reason for the rule is perfectly plain. Having already recovered one judgment against the party sued, there is no necessity for a second judgment. The rule, however, does not apply where it is sought to hold liable on a judgment one not named in the judgment. We, therefore, see no good reason why an action such as this should not be brought on a judgment for the purpose of imposing liability on parties who, though not mentioned in the judgment, were the real parties in interest and the real defendants in the action, and should therefore be held liable on the judgment.

Judgment reversed and cause remanded with directions to overrule the demurrer to the petition.