FRANK J. BEACH vs. THE MILFORD ICE COMPANY.

Third Judicial District, Bridgeport, October Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

One who prevents another, by injunction, from the seasonable exercise of a contract right is in no position, upon the dissolution of the injunction, to claim that the right has been forfeited because not exercised within the time originally limited.

The time during which a building may be removed by a lessee after the expiration of the lease, as prescribed therein, does not run while the lessee is prevented by an injunction, obtained by the lessor or by his vendee with notice, from effecting such removal.

One who seeks to enjoin the acts of a known servant or agent and is defeated upon a trial on the merits, cannot afterward maintain an action for the same cause against the master or principal. Having a right to sue either master or servant, or both, and either principal or agent, or both, he is bound by his election and concluded by the judgment rendered in the first action.

The "parties" concluded by a judgment are not only those of record

but also the real persons in interest, whose rights are involved and who can appear and direct and control the proceeding, those who in name conduct the litigation and those who authorize it or for whom it is conducted, as well as those who, by accepting as their own the acts and conduct of others, become bound by their consequences.

Argued October 29th—decided December 20th, 1913.

Suit to restrain the defendant from removing an ice-house standing on land owned by the plaintiff, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

On October 1st, 1900, one Tuttle leased a pond upon his premises to the defendant, The Milford Ice Company, for five years, with the privilege of cutting and storing ice therefrom, together with sufficient land on which the Company could erect ice-houses for the storage of the ice so cut. The lease further provided that, if it were not renewed, the lessee should have the right to remove such ice-houses within ninety days from the expiration of the lease.

The Company took possession under the lease and erected an ice-house as provided in the lease. The lease was extended by oral agreement from year to year until October 1st, 1907, when the parties entered into a written lease, for the term of three years, of the pond, with the privilege of cutting and storing ice from the pond, and also for a lease of "the land on which is now located the ice-house owned by the lessees," and providing that, if the lessor should sell the land leased, the lease should expire on the first of October following such sale, and the lessees should have ninety days from that date to remove the ice-house. David J. Greene, the treasurer and manager of the Company, had acted for it in making the last-named lease. On the expiration

of this lease on October 1st, 1910, Mr. Greene, acting for the Company as its treasurer and general manager, negotiated for a renewal of the lease, and the Company, acting by Mr. Greene, and Mr. Tuttle, the owner and lessor, by oral agreement extended the lease for one year.

March 21st, 1911, Mr. Tuttle conveyed his farm, with the premises included, to the plaintiff. At this time the Company was in possession of the premises leased to it, and so remained until October 1st, 1911, the date of expiration of its lease.

The plaintiff knew of the erection of the ice-house by the Company and knew, prior to and at the date of purchase, that the Company was in possession of the premises under lease, and claimed to own the ice-house and to have the right to remove it, but he was informed by Mr. Tuttle that he did not think it owned the ice-house. So far as appears, the plaintiff made no effort to learn from the Company what its claim was, although inquiry might easily have been made.

The Company, through its treasurer and general manager, in May, 1911, offered to pay the plaintiff the rent to become due under the lease; the plaintiff refused it, and denied the rights of the Company in and to said premises.

On September 20th, 1911, Hall and Ryder, acting under the orders of Mr. Greene, began to tear down the ice-house, when they were enjoined from so doing upon complaint of the plaintiff herein against them and Greene. The defendants made answer admitting the acts of alleged trespass, and justifying as the servants and agents of the Company, alleging its possession of said premises and its right to remove the ice-house within ninety days from the expiration of the lease. Upon a hearing of the cause on the merits, the court found the issues in favor of the defendants and rendered judgment for them, and dissolved the injunction.

Immediately after the judgment the Company began preparations to remove this building, when the present action was begun. The Company ceased its work of removal under an agreement with the plaintiff to await the outcome of the present action and without prejudice to its rights in the premises.

To the complaint herein, alleging that the Company threatens to tear down and remove this ice-house, the Company made answer, admitting the threatened acts as charged, and justifying the same as done under its lease, and alleging its possession of the premises under its lease and its ownership of the ice-house and the knowledge of such possession and ownership by the plaintiff; and, further, that its right to remove the ice-house had been determined in the first action brought by this plaintiff against Greene, Hall, and Ryder, its servants and agents.

The trial court held that at the date of issuance of the writ and complaint in this action, and at the date of entry of judgment thereon, the Company had the right to remove the ice-house, and that its failure to remove it within the period provided in the lease was due to the injunction issued in the first action, and that the plaintiff was not entitled to the equitable relief sought; and, further, that the judgment in the first case referred to operated as an estoppel in favor of the defendant herein and against the right of the plaintiff to retry the issue of the Company's right to remove the ice-house.

*Robert C. Stoddard,* for the appellant (plaintiff).

*Omar W. Platt,* for the appellee (defendant).

WHEELER, J.   The action is brought to restrain the defendant Company from removing an ice-house from

the plaintiff's premises. The plaintiff appeals from the judgment for the defendant, assigning as error the over-ruling of his claims: first, that at the time of this action the right of the defendant to remove the ice-house under its lease had expired; and second, that the judgment in the former case of the present plaintiff against Greene, Hall, and Ryder was not res adjudicata.

The lease provided for its termination, in case of sale of the premises during its term, on the first of October following the sale, and gave the lessee, The Milford Ice Company, the present defendant, the right to remove its ice-house from the premises leased within ninety days thereafter. Under the instruction and order of Greene, the general manager of the Company, Hall and Ryder began tearing down this building when they, with Greene, were enjoined from so doing. The Company did not endeavor to remove the building un-til the injunction was dissolved and after the ninety-day period had passed; and the plaintiff claims its right of removal had expired, and hence the acts now complained of were unlawful. Greene's order was the Company's order, and Hall and Ryder were its servants, and therefore their acts were the Company's acts. When its servants and agent, engaged upon its work, were enjoined from prosecuting the work, the Company could not continue in the work without violating the injunction order, if not in terms, surely in spirit. Until the injunction was dissolved, it could not lawfully remove this building, and so it was excused from carry-ing out the provision of the lease for the removal within ninety days from its expiration. The period covered by the injunction order was no part of the ninety-day period. That order suspended the running of this period. Immediately after the dissolution of the injunc-tion, the Company began preparations for the removal of the building. The ninety-day period ran from the

date of dissolution of the injunction, and the Company had not forfeited its right of removal. The plaintiff's position is inequitable. He prevented the Company from removing the building within the period named; he cannot now be heard to complain because, through his act, the building was not moved within the period.

The main question raised by the appeal is, as the appellant insists, whether the judgment in the case against Greene, Hall, and Ryder estops the plaintiff from maintaining the present action against this defendant Company. That case, as well as this, is based upon a trespass upon the plaintiff's premises. It is an admitted fact in each case that the defendants in the first action acted for the Company in the prosecution of its business. The lawfulness of their acts, and of the Company's threatened acts of removal in this case, depends upon the right of the Company to remove the building, and that was determined by what its lease gave it.

The defendants justified in the first case under the Company's right of removal given in its lease. This issue, as were all others, was decided adversely to the plaintiff. Thus the real issue raised in that case was identical with that in this case, and the plaintiff in each action is the same.

In the present action the plaintiff insists that he is not concluded by the former judgment, since the Company was not a party to that action and it was not defended under the authority and in the right of the Company.

The general rule is undoubted: a judgment only concludes the parties to it or their privies. The rule has its seeming exceptions; but when analyzed they will be found to be apparent rather than real exceptions, applications merely of the general rule. The term "parties," as used in this rule, includes not alone the nominal or record parties but the real parties in interest,

whose rights are involved and who can appear and direct and control the proceeding, those who in name conduct the litigation and those who authorize it or for whom it is conducted, as well as those who, by accepting as their own the acts and conduct of others, become bound by their consequences. *McKinzie* v. *Baltimore & O. R. Co.*, 28 Md. 161, 166.

The trial court held "that a judgment in a suit in which an agent or a servant is a party prosecuting or defending, under the authority and in the right of the principal or master, is conclusive for or against the master." This is sound law. The principle is an application of the doctrine of agency. *Weld* v. *Clarke*, 209 Mass. 9, 12, 95 N. E. 651. The defendants in the first action were the agents or servants of the Company, but the finding in this case does not set forth that they defended the action under the authority and in the right of the Company; and so the judgment in that case does not, for this reason, operate as a bar against the plaintiff. Nor is it found that the Company participated in the defense of the action in which it had an interest; had it done so, its conduct would have made it the real party in interest and the judgment have concluded it, as well as the plaintiff, as to all matters in issue. *Heavrin* v. *Lack Malleable Iron Co.*, 153 Ky. 329, 155 S. W. 729.

Although these reasons are ineffective, since the facts on which they must rest are absent from the record, there are other grounds for holding the plaintiff concluded by the former judgment. The work the defendants in that action were engaged in was the Company's work. Greene was its general manager, consequently its general agent. His knowledge, obtained in the course of his employment, was the Company's knowledge. When a principal or master has knowledge that his agent or servant is sued for acts done in

his service and within the scope of his employment, he must either become a party to the action, or defend the action through the agent or servant, or be concluded by the judgment rendered. After knowledge he becomes, whether he intervenes or not, a party in interest, having the same right to defend as the actual defendant and bound by the judgment thereafter rendered. *Lamberton* v. *Dinsmore*, 75 N. H. 574, 575, 78 Atl. 620; *Rust L. & L. Co.* v. *Wheeler*, 189 Fed. Rep. 321, 326, 111 C. C. A. 53; *Rookard* v. *Atlantic & C. A. L. Ry. Co.*, 84 S. Car. 190, 65 S. E. 1047; *Elliott* v. *Hayden*, 104 Mass. 180, 182.

We think the Company was bound by the first judgment, and would have been bound had the judgment been adverse to the agent or servant. Since this is so, the objection of want of mutuality fails.

Were it not so bound, it might have the benefit of the judgment as an estoppel under a recognized exception to the general rule. Where, in actions of tort, the liability of the principal or master depends upon the culpability of his agent or servant, a judgment in favor of the agent or servant, in an action against the agent or servant for such alleged fault, may serve as an estoppel in favor of the principal or master when sued by the same plaintiff for the same cause of action. *Portland Gold Mining Co.* v. *Stratton's Independence*, 158 Fed. Rep. 63, 68, 85 C. C. A. 393. When one knowingly sues an agent or servant, the judgment rendered in the action on the merits, whether for or against the agent or servant, in the absence of fraud, estops the plaintiff from thereafter suing the principal or master for the same cause of action. The principal and agent, or the master and servant, are "one in interest, and known to the plaintiff to be so." Different reasons have been assigned by the many authorities so holding. The true reason, in our judgment, is found

in the doctrine of election. A plaintiff has the right to sue either agent or principal, or both, or either master or servant, or both. If he chooses to sue the agent or servant alone, he must abide by his choice. Liability for the servant's or agent's acts should be determined in a single action; the public interest and public policy require it, and private interests are thereby subserved.

In *Emma Silver Mining Co.* v. *Emma Silver Mining Co. of N. Y.*, 7 Fed. Rep. 401, 408, a leading case, Choate, D. J., says: "While the principal, if he had no notice of the former suit, and no opportunity to defend it, may not be concluded by a judgment against his former agent, or made responsible for the agent's bad pleading or blunders in the trial of the cause, because so to conclude him would be to deprive him of his property without due process of law, yet, as regards the plaintiff who has before sued the agent and been defeated, there is no reason why he should not be concluded upon that principle of public policy which gives every man one opportunity to prove his case, and limits every man to one such opportunity. He has had his day in court, and it is immaterial whether he has chosen to test his right as against the principal or the agent in the transaction, provided the issue to be tried was identical as against both." *Priestly* v. *Fernie*, 3 Hurl. & C. 977, 983; *Emery* v. *Fowler*, 39 Me. 326, 329; *Rookard* v. *Atlantic & C. A. L. Ry. Co.*, 84 S. Car. 190, 65 S. E. 1047; *Lindquist* v. *Dickson*, 98 Minn. 369, 372, 107 N. W. 958; *Anderson* v. *West Chicago Street R. Co.*, 200 Ill. 329, 333, 65 N. E. 717; *Lake Shore & M. S. Ry. Co.* v. *Goldberg*, 2 Ill. App. 228; *Featherston* v. *Newburgh & C. Turnpike Co.*, 71 Hun (N. Y.) 109, 24 N. Y. Supp. 603; *King* v. *Chase*, 15 N. H. 9, 19; Bigelow on Estoppel (6th Ed.) p. 135; 2 Black on Judgments (2d Ed.) §§ 578, 579; 23 Cyc. 1265; note to 54 L.

R. A. 649. The authorities show that the same rule holds in tort as in contract actions.

The plaintiff herein, with a full knowledge of all the facts, elected, in the first action, to sue the agent and servants of the Company for acts done by them for it and under its authority, and the judgment then had, adverse to him, concludes him from maintaining this action against the principal and master for a cause of action already determined in the action against the agent and servants.

There is no error.

In this opinion the other judges concurred.