## CHARLES LADANY *vs.* SHAKRA ASSAD.

Third Judicial District, Bridgeport, October Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Ordinarily there is no reason why, in the interest of time and simplicity, all the issues in an action of replevin should not be tried together.

A former judgment concludes not only those of record in that action, but also those who were in privity with the record parties, provided they had knowledge of the pendency of the suit and an opportunity to appear and protect their interests. Accordingly, the bailor of an automobile who knows that his bailee is sued in relation to its title or ownership, is bound either to become a party to the action or to defend it through his bailee. With such knowledge and an opportunity to appear and defend, he becomes a party in interest, whether he appears or not, and is bound by the judgment rendered therein.

A vendee must be held to have defended an action, if the defense therein was in fact made by his vendor to protect the title and interest of the vendee in the property, and with the vendee's knowledge, acquiescence and approval; and in this situation an allusion in the charge to the vendor as the vendee's "agent," cannot be said to be legally inaccurate or prejudicial.

An appellant cannot complain of an instruction which was more favorable to him than he was entitled to receive.

In stating to the jury the nature of a special defense, the charge as a whole is to be considered and not detached sentences or expressions therein.

It is within the discretion of the trial judge to comment on the refusal of a witness to answer a proper question, and to point out to the jury such inferences as may be legitimately drawn therefrom.

An appellant cannot complain of a harmless error.

A statement in a charge which, standing alone, is inaccurate, is to be read in connection with its context, and if, when so read, it correctly states the situation or the law applicable thereto, it is sufficient.

Argued October 27th, 1916—decided January 25th, 1917.

REPLEVIN for the possession of an automobile and for damages, brought to the Superior Court in New Haven County and tried to the jury before *Tuttle, J.,* upon the issue of *res adjudicata* raised by the defendant's answer

and counterclaim; verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*Harry L. Edlin*, for the appellant (plaintiff).

*Charles S. Hamilton*, for the appellee (defendant).

WHEELER, J.   This is an action of replevin begun on May 28th, 1914, to recover an automobile alleged to have been wrongfully detained from the plaintiff, Ladany, by the defendant, Assad, ever since May 26th, 1914.   Assad pleaded a general denial, and a special defense that on May 26th, 1914, he duly brought an action of replevin against the Laverty Company, who was then acting as custodian of this automobile for Ladany, plaintiff herein, and that he replevied and now (May 28th, 1914) holds the automobile by virtue of this writ, and that the title to, and right to the possession of, which will be determined upon the trial of that case. By amendment he alleges that the cause came to trial, the jury found the issues for the plaintiff, and judgment was rendered in accordance therewith; that the Laverty Company pleaded in justification that it held the automobile in storage for Ladany (plaintiff in the present case), who was the real defendant and the real party in interest, and was in privity with the Laverty Company; that the cause was defended by Ladany and for his benefit, that he employed and paid counsel, and that he could and did direct and control the defense in that case, in which the main issue was the question of the title to and right of possession of this automobile; and in that action the jury found and the court decided that Assad was the owner of and entitled to the immediate possession of the automobile.

The defendant, Assad, claimed to have sustained his special defense of *res adjudicata* upon the evidence offered that one Sliby sold to Ladany, plaintiff

herein, on about May 4th, 1914, an automobile, and on May 26th following Ássad began an action of replevin against the Laverty Company to obtain possession of this automobile; that the Laverty Company was the bailee of the automobile for Ladany, the owner, and that it had no pecuniary interest in the case and did not defend it or employ or pay counsel to defend it; that the present action was begun May 28th, 1914, in which it was alleged that Ladany was, on said May 26th, the owner and entitled to the immediate possession of this automobile; that the counsel who represented Ladany in the present action appeared for the Laverty Company in the first action and defended the same, and that this counsel consulted with Ladany as to such information as he possessed concerning the case of Assad against the Laverty Company, and called him as one of his witnesses upon the trial; and further, that in that action the said counsel for the Laverty Company alleged that Ladany was the owner of this automobile and entitled to its immediate possession on May 26th, the day on which Assad replevied the automobile from the Laverty Company, and Ladany made oath to this before the same counsel acting as a notary; that the same automobile was replevied in each action, and the issues in each action were as to its ownership and right of possession on May 26th, 1914; that the counsel was the attorney for Ladany in the present action on May 26th, who, prior and subsequent to this time, represented Ladany in other matters, and that this counsel admitted in his testimony in the present case that if the former action had been decided in favor of the Laverty Company the automobile would have been turned over to Ladany.

The plaintiff herein offered evidence that Sliby, who sold the automobile to Ladany, in order to protect his own interest,—he having warranted the title of the

automobile to Ladany—employed counsel to defend
the action of Assad against the Laverty Company,
and that the papers served on it in this action were
turned over to this counsel; that Ladany had no con-
nection with this case except to be called as a witness;
that the said counsel was employed and paid by Sliby;
and that the answer in the former action was prepared
by counsel without consultation with, or direction by,
Ladany.

Upon the evidence before the jury we cannot say as
matter of law that the motion to set aside the verdict
should have been granted. Nor do we think, as the
plaintiff claims, this verdict could not have been found
unless the jury had found contrary to the testimony of
Ladany, Sliby, and the counsel, that Ladany and not
Sliby employed and paid counsel and made the defense
in Assad against the Laverty Company.

The questions of law which arise in connection with
this motion are, in most part, found in the assignment
of errors as to the charge, and we will treat of them in
that connection.

Among the interlocutory rulings are two, which we
will take up preceding our consideration of the charge.

The trial court limited the issues to be tried to the
jury to those raised by the special defense, and ruled
that the defendant should open and close the argu-
ments. As a general rule we do not see why all of the
issues in a replevin action should not be tried together;
in the long run this will save time and make for sim-
plicity, since the issues involved are not complicated.
And where the issues are tried together, the plaintiff
opens and closes the arguments. Had the ordinary
practice been followed in this case, the record does not
indicate that the trial would have been extended, but
the contrary. In the results reached it does not appear
that Ladany has been prejudiced by these rulings.

The issues in the two actions were the same. Against this conclusion the plaintiff urges that the issues in the two cases are not alleged to be the same, and although the right to the possession of the same automobile is involved in each action, it may be that Ladany became the owner of and entitled to the possession of this automobile at a later time of the same day on which the jury found Assad to have had the right of possession. Ladany is alleged to have been the bailor of the Laverty Company, hence in privity with it. This claim, then, amounts to this: While the automobile is in Assad's possession under a writ of replevin in which action Assad is subsequently found to have the right to its possession on May 26th, Ladany may bring an action of replevin against Assad on the same day on the theory that he acquired the right to the possession of the automobile at a later hour of the same day. The law does not know how to divide a day in this fashion, in the absence of facts justifying such division.

The question whether a second replevin action would lie to recover possession of goods held in the custody of the law under another writ of replevin, does not appear among the questions raised on the appeal; and as its decision is not necessary to the decision of the motion to set aside the verdict, we do not pass upon it.

Practically the entire charge is complained of. One part of the charge is claimed to be erroneous in that it improperly states the nature of Assad's special defense herein. A reading of the part complained of does not satisfy us that this criticism is merited, but if it were true, the charge as a whole amply discloses the nature of this defense.

Error is assigned in the court's charge that as the complaint in Assad against the Laverty Company recited that the plaintiff was on April 23d and ever since has been the owner and entitled to the immediate possession

of the automobile, and the jury found the issues for Assad, the question of ownership and possession was determined.

While the court did not expressly say so, we think its instruction in this connection as a whole was a practical instruction to find that the issues involved in the two replevin actions were identical. The subject-matter was the same, and the allegations of ownership and possession were the same, and the evidence in each case was undisputed that Assad was the owner and entitled to the immediate possession of the automobile on May 26th. Counsel say the court erroneously reached this conclusion, because it may have been that the ownership and possession alleged in the second action was at a different hour of the day from those alleged in the first action. We have already referred to this.

Then counsel say the court stated that these issues from and after April 23d were found in favor of Assad, when the jury were not called upon to find their existence later than the moment of replevy on May 26th, 1914. We do not think the jury found or understood from the court that they were finding these issues at a later date than May 26th, the beginning of this action; and if they had, we do not see how the assumption of the unnecessary burden harmed Ladany.

Error is assigned in the instruction: "Now, the law is so, that where an action of replevin is brought against what is called a bailee, or a person holding property in his custody for the benefit of another person, and that person has notice of the suit, has an opportunity to appear and defend in it, and he does in fact appear and defend and make claim to the property and employs counsel for that purpose, or the same counsel who is acting for the plaintiff in the second replevin suit also acts as counsel with the knowledge, acquiescence and approval of such plaintiff to defend the first replevin

suit, the judgment in the former case is conclusive and binding upon all parties in the second case. So that if the jury find that when the former action was brought against the Laverty Company . . . and the Company made no claim of title or ownership in itself to said property, but defended said case through the counsel of the plaintiff, . . . whether such counsel was at the time actually under pay from this plaintiff, or of plaintiff's vendor, with the knowledge, acquiescence and approval of the plaintiff, to protect the interests of the plaintiff in this case, and had an opportunity to appear, although nominally for the Laverty Company, the plaintiff is bound by the judgment in the former case." The plaintiff invokes the rule, quoted from 23 Cyc. page 1249: "A person who is not made a defendant of record may still subject himself to be concluded by the result of the litigation, if he openly and actively, and in respect to some interest of his own, assumes and manages the defense of the action," etc. If the rule quoted applies to a stranger, as the context would seem to indicate, it accords with the authorities. If it be intended to apply to all parties not of record, whether privies or otherwise, it does not accord with the authorities. Their rule is that stated in Herman 'on Estoppel (Vol. 1) pp. 157, 158: "If one, not a party of record nor in privity with a party of record to a judgment, desires to avail himself of the judgment as an estoppel, on the ground that he in fact defended the action resulting in the judgment, he must not only have defended that action, but must have done so openly, to the knowledge of the opposite party and for the defense of his own interests. That he employed the attorney who appeared for the defendant of record, and appeared as a witness for the defendant, is not sufficient." The rule invoked is for strangers to the record, not for parties or privies. *Cramer* v. *Singer Mfg. Co.*, 35 C. C.

A. 508, 93 Fed. Rep. 636; 2 Black on Judgments (2d Ed.) § 540. It is not the rule for privies, or for those whose duty it is to appear, or who have the right to appear, and who through notice or otherwise have had the opportunity to appear.

Between Ladany and the Laverty Company the relation of bailment existed and there was thus a privity between them. It is undisputed that Ladany knew of the former action of replevin and had full opportunity to be present and was the real defendant, since his was the real interest involved. It was the duty of Ladany to protect his bailee and assume the defense of the action brought by Assad. "Where one is bound to protect another from a liability, he is bound by the result of a litigation to which such other is a party, provided he had notice of the litigation, and opportunity to control and manage it." *Strong* v. *Phoenix Ins. Co.,* 62 Mo. 289, 295; 1 Freeman on Judgments (4th Ed.) § 174. A similar rule applies in the case of the relation of master and servant, *Castle* v. *Noyes,* 14 N. Y. 329; *Beach* v. *Milford Ice Co.,* 87 Conn. 528, 535, 89 Atl. 181; and in the case of landlord and tenant, *Thomsen* v. *McCormick,* 136 Ill. 135, 141, 26 N. E. 373; and in the case of principal and agent, *McKinzie* v. *Baltimore & Ohio R. Co.,* 28 Md. 161. It applies with equal, if not more, reason in the case of the relation of bailor and bailee. When a bailor has knowledge that his bailee is sued in relation to the title or possession of the property in bailment, it is his duty to either become a party to the action or to defend the action through his bailee. After knowledge and the opportunity to appear, he becomes, whether he appear or not, a party in interest and bound by the judgment thereafter rendered.

The binding force of the former judgment, by the instruction given, is made to rest upon the finding by the

jury that Ladany had notice and the opportunity to appear and defend in the action in which his own interests were involved, and did so appear and defend. The statement of the rule by the trial court in its second feature does not convey the meaning intended, but this is made perfectly clear by the application which the court made of the rule to the facts of this case. The jury could not well have mistaken this meaning. In two ways, the court says, the defense may be made: by counsel under employment by the bailor, or under employment by his vendor with the knowledge, acquiescence and approval of the bailor. The charge as given imposed upon the defendant a greater burden than the rule we adopt imposes, viz., proof of the defense made by the bailor, or by his vendor with his knowledge, acquiescence and approval. The instruction was more favorable to the plaintiff than he was entitled to.

In one portion of the charge the court said: "That is, the same question of title cannot be twice litigated between the same litigants, even though in the former suit, one of the litigants was acting through his agent instead of in his own name." Criticism is made of this because it assumes, without evidence having been offered, that Ladany defended through the vendor as his agent. This statement was made in connection with the statement that Ladany must be held to have defended the former action, if his vendor with his knowledge, acquiescence and approval had made the defense for the protection of Ladany's interest. Under such circumstances we cannot say that it was legally inaccurate to have designated the vendor as the agent of the vendee in making such defense.

Counsel for the appellant complain of the comment and emphasis of the court upon certain facts in evidence. Without referring specifically to this comment, except in one particular, we may say that we do not see

that the court transgressed any rule of procedure or judicial propriety.

He also complains that the court discredited the testimony of Sliby, the vendor, in instructing the jury that it was for them to say whether Sliby actually defended the former suit and paid counsel. And that in that connection they should remember that Sliby said in answer to a question whether he had paid by check that it was none of the business of the questioner, and the court observes of this that if paid by check this would have been pretty good evidence of the fact. The comment was proper; the witness should have answered an entirely proper question. If he chose to refuse and his testimony upon an important point was permitted to stand with his refusal, it is permissible for counsel or court to comment on his refusal to testify, and to point out to the jury such inferences as might be legitimately drawn from the refusal.

After stating that it is admitted in the evidence that Ladany had no title except such as he got from Sliby, the court observed that the real issue in Assad against the Laverty Company was whether Sliby owned the automobile when he claimed he had sold it to Ladany. This appears to be in conflict with what the court had correctly charged the jury were the issues in that case. We do not see how this statement could have harmed Ladany, nor does his counsel point this out to us. The court continues: "So that, in my view of the law, it isn't worth all the time that we have consumed to-day in undertaking to prove to you which one of these two, Sliby or Ladany, actually was the defender of that action." By itself this was inaccurate, for Ladany would not have been bound by a defense made by counsel paid by Sliby and for Ladany's protection unless with the knowledge and acquiescence or approval of Ladany. But the statement was part and

parcel of, and just preceding, this instruction: "If in fact—and that's all there is to it—if in fact the real title to that ownership, the real question of that ownership of the automobile was passed upon in a suit in which this man, this present plaintiff, really was the defendant, really appeared and knew all about it, and took part in, so that the real question at issue was passed upon, they haven't any right to have it passed upon again." These two parts of the charge are separated by a period; but we think it is clear from the context that in the charge as made there was no period. So that the court restates the issue of the case upon the point of ownership and makes it dependent upon whether Ladany was the real defendant and appeared, knew all about it, and took part in the trial.

This is a broader statement of what the issue of title rested upon than had before been properly presented. If the jury found in accordance with this later statement Ladany has no cause for complaint with the finding so made. In this connection the court did not attempt to state the issue as to immediate possession, that had already been done.

The rulings on evidence were either correct, or not harmful, and none are of sufficient importance to require discussion.

There is no error.

In this opinion the other judges concurred.